**Jason Aaron GRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00310–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 2005.

Allen C. Isbell, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Jason Grice, appeals from his conviction for indecency with a child by exposure. *See* TEX. PEN.CODE ANN.

§ 21.11(a) (Vernon 2003). Appellant was originally charged with sexual assault of a child under section 22.011(a)(2)(A) of the Texas Penal Code, the "statutory rape" provision. *Id.* § 22.011(a)(2)(A). After appellant's motion to quash the indictment was denied, appellant and the State announced to the court that they had entered into a plea bargain agreement, under which appellant pleaded guilty to the lesser offense in exchange for a punishment recommendation. The trial judge found appellant guilty, and assessed punishment at four years' incarceration, probated for four years, and a $400 fine, which was in accordance with the plea bargain agreement.

On appeal, the State contends that appellant waived his right to appeal. In his two issues, appellant contends that the trial court erred in denying his motion to quash because the indictment failed to allege a culpable mental state in regards to the age of the victim in violation of both section 6.02 of the Penal Code and the constitutional right to due process. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19; TEX. PEN.CODE ANN. § 6.02. We affirm.

### *Right of Appeal*

■ The State initially contends that appellant has waived his right of appeal. The record is inconsistent on this issue. The clerk's record contains two documents that indicate appellant waived his right of appeal: (1) the guilty plea, which contains a boilerplate waiver of the right to appeal; and (2) the judgment, which contains a stamped indication that appellant waived his right of appeal and was not granted

permission to appeal. The clerk's record, however, also contains the "Trial Court's Certification of Defendant's Right of Appeal," in which the judge indicated that appellant had the right of appeal and did not waive that right.[1] Furthermore, during the trial judge's oral admonitions to appellant, while she indicated that he had waived his right to trial by jury, she did not indicate that he had waived his right of appeal. The reporter's record also contains the following exchange, which occurred at the conclusion of the plea hearing:

[Defense Counsel]: Your Honor, we have discussed with the Court our intention to appeal the motion to suppress [sic]; and I will be filing appropriate notice of appeal to allow that.

The Court: Yes.

[Defense Counsel]: And we'll get the court reporter's—

[Prosecutor]: The motion to quash?

[Defense Counsel]: Motion to quash.

[Prosecutor]: Motion to suppress?

[Defense Counsel]: I'm so sorry. Motion to suppress quash. [sic]

The Court: The right to appeal the motion to quash, the decision. And I've noted that on the appeals.

[Defense Counsel]: Thank you very much.

In this exchange, appellant's counsel clearly made the judge aware that the appellant did not intend to waive his right of appeal. The judge then states that she has noted that fact on a document related to the appeal, most likely the certification of the right of appeal. It should also be noted

---

1. This certification is required by Rule 25.2(d) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(d). The certification here suggests that appellant did not waive his appeal both because (1) the court checked a box on the form to indicate that appellant had not waived the matters asserted in the pretrial motion and had the right of appeal, and (2) the court did not check an available box stating that appellant had waived the right of appeal.

that the prosecutor did not object when defense counsel stated an intention to appeal; indeed, the prosecutor aided defense counsel by correcting him in regards to exactly what issue he intended to appeal.

■ Generally, a defendant may waive any rights secured him by law. TEX.CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp. 2004). A waiver of appeal is usually binding on the defendant and prevents him from appealing any issue without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 616 (Tex.Crim.App.2003). In *Alzarka v. State*, the Court of Criminal Appeals addressed a situation similar to the one presented here. 90 S.W.3d 321 (Tex.Crim.App.2002). The court held that even though the defendant signed a plea form containing a written waiver of appeal, the defendant had not waived her right to appeal. *Id.* at 322–24. The court based this conclusion on the fact that (1) the trial court gave express oral permission to appeal, (2) counsel and the court made several statements agreeing that the defendant would be permitted to bring an appeal, and (3) the State's original appellate brief made no claim that the defendant had waived her right to appeal. *Id.* In *Willis v. State*, the court also addressed a similar situation and held that even though the defendant had signed both a plea form and admonishments that suggested waiver of the right to appeal, the defendant had not waived his right to appeal. 121 S.W.3d 400 (Tex.Crim.App.2003). The court based its decision on the facts that the waiver was contained in pre-printed forms and the trial court indicated in signing the notice of appeal that the defendant had a right to appeal. *Id.* at 401–03. Thus, the Court of Criminal Appeals has expressed a clear

preference for disregarding waivers of appeal when the record contains other indications that the defendant did not intend to waive the right of appeal. *See id.* at 403.[2]

■ The key distinguishing factor between the present case and the *Willis* and *Alzarka* cases is that here the judgment itself reflects that appellant waived his right of appeal. We find that the conflict presented here is analogous to the conflict presented when a court's oral pronouncement of sentence varies from its recitation in the judgment. Generally, when a court's judgment conflicts with other portions of the record, the judgment controls. *See, e.g., State v. Rowan*, 927 S.W.2d 116, 118 (Tex.App.-Houston [1st Dist.] 1996, no pet.). However, the Court of Criminal Appeals has held that this rule does not apply when the written judgment does not comport with the oral pronouncement of sentence; it is the oral pronouncement that controls. *See, e.g., Taylor v. State*, 131 S.W.3d 497, 500 (Tex.Crim.App.2004) (citing *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex.Crim.App.1998)). The basis for this exception to the rule is a desire for certainty. *See McClinton v. State*, 121 S.W.3d 768, 770 (Tex.Crim.App.2003) (Cochran, J., concurring). Courts are required to pronounce sentence orally in open court with the defendant present. TEX.CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp.2004). The sentence contained in the judgment serves only as a written manifestation of the orally pronounced sentence. *Taylor*, 131 S.W.3d at 500 (citing TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1). Thus, the required pronouncement, orally given, controls over the mere written manifestation in the judgment. *See id.*

---

**2.** The main distinguishing factor between *Willis* and *Alzarka* is the fact that in *Alzarka* the court gave express oral permission to appeal, whereas in *Willis* the court merely signed a notice of appeal that indicated the court granted permission to appeal. *See Willis*, 121 S.W.3d at 402–03.

■ Extrapolating to the situation before us, the appellate rules require that the trial court complete a certification of the defendant's right of appeal. TEX. R.APP. P. 25.2(d). By contrast, the key statutory provision governing judgments in criminal cases, although quite detailed, does not require a judgment to address whether the appellant retains a right to appeal. TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1.[3] Therefore, trial courts are required to complete certifications of the right of appeal, see Rule 25.2(d), but they are not required to address the right of appeal in the judgment, see article 42.01, § 1.[4] This situation is similar to the one addressed in *Taylor* and *Coffey*, in which the Court of Criminal Appeals held that the oral pronouncement controls over the judgment because the oral pronouncement is required and the judgment merely contains the written manifestation of the orally pronounced sentence. *Taylor*, 131 S.W.3d at 500; *Coffey*, 979 S.W.2d at 328–29. Thus, in the interest of certainty, it would appear prudent to hold that, when there is a conflict in the documentation regarding a defendant's right to appeal, the required statement of the intent to appeal (contained in the certification) controls over the surplusage statement of the intent to appeal (contained in the judgment).

This conclusion is particularly apt if the remainder of the record supports the statement in the certification. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim.App. 2005) (stating that appellate court may compare certification to the record to determine whether the certification is defective). Here, although the signed plea form reflects waiver, it is rather easily discounted because the waiver clause was in a lengthy preprinted form. *See Willis*, 121 S.W.3d at 403 ("[T]he trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver."). The in-court exchange, however, is more convincing. Defense counsel stated an intention to appeal, and instead of objecting, the prosecutor aided defense counsel in stating exactly what it was he intended to appeal. The judge then indicated that she would note the intention to appeal and apparently did so on the certification. Based on this exchange and the judge's signing of the certification, we find that appellant did not waive his right of appeal.

### Mental State

■■ In his two issues, appellant contends that the trial court erred in denying his motion to quash because the indictment failed to allege a culpable mental state in regards to the age of the victim. We review a trial court's ruling on a motion to quash an indictment under an abuse-of-discretion standard. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App.1980).

3. In fairness, the provision does require the judgment to contain the terms of any plea bargain. TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1(20). However, even if it could be argued that in stating in the judgment that appellant waived his right of appeal the trial court was merely reflecting the terms of the plea agreement, the court went a step further by stating that no permission to appeal was granted, which was obviously not an element of the plea bargain. Regardless, both statements conflict with the certification.

4. It should further be noted that a judgment has numerous functions, see article 42.01, § 1, whereas a certification of the right of appeal has only one essential function, see Rule 25.2(d). Thus, it is much less likely that a court would make a mistake regarding the right of appeal in the certification than it would in the comparatively voluminous judgment.

Appellant acknowledges that Texas courts have consistently held that in prosecuting sexual offenses committed against children the State need not prove a mental state regarding the age of the child. *See, e.g., Vasquez v. State*, 622 S.W.2d 864, 865 (Tex.Crim.App.1981); *Jackson v. State*, 889 S.W.2d 615, 617 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). Specifically, the State need not show that the defendant knew that the victim was younger than seventeen years old. *Vasquez*, 622 S.W.2d at 865; *Jackson*, 889 S.W.2d at 617. Appellant further acknowledges that the Court of Criminal Appeals reiterated this rule as recently as 1998, in relation to the offense of indecency with a child. *Johnson v. State*, 967 S.W.2d 848, 849–50 (Tex.Crim.App.1998).[5]

However, appellant contends that *Johnson* does not control here because (1) the *Johnson* court did not consider application of Penal Code section 6.02, and (2) the Court of Criminal Appeals' subsequent opinion in *Aguirre v. State*, 22 S.W.3d 463 (Tex.Crim.App.1999), casts doubt on the continuing authority of *Johnson*. A review of the pertinent cases reveals that neither assertion is correct.

First, regarding section 6.02, although the majority opinion in *Johnson* does not specifically cite that section, the four-justice concurrence and the dissenting opinion discuss the application of section 6.02 in depth.[6] 967 S.W.2d at 850–54 (Price, J., concurring); *id.* at 854–59 (Baird, J., dissenting). Thus, the majority was clearly aware of section 6.02; however, it relied primarily on stare decisis and apparently did not consider section 6.02 as cause for departing from prior decisions. *Id.* at 849–50 ("In case after case, this Court has held that the State is not required to show that appellant knew the victim to be under the age of 17. This rule is well established and we therefore find that it is dispositive of the issue in the case at bar."). Further, section 6.02 has been part of the Penal Code virtually unchanged since 1974. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 892, *amended* by Act of June 19, 1993, 73rd Leg., R.S., ch 900, 1993 Tex. Gen. Laws 3586, 3592.[7]

**5.** Although *Johnson* dealt specifically with prosecutions for indecency with a child under Penal Code section 21.11, appellant recognizes the holding is equally applicable to the statutory rape provision, section 22.011(a)(2)(A); indeed, in *Johnson*, the court cited *Vasquez* as controlling, and *Vasquez* was a statutory rape case. *Johnson*, 967 S.W.2d at 849–50; *Vasquez*, 622 S.W.2d at 865.

**6.** Appellant essentially contends that section 6.02 requires that a mental state regarding a victim's age be read into section 22.011(a)(2)(A). Section 6.02 provides as follows:

(a) Except as provided in Subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal responsibility.

(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged.

Tex. Pen.Code Ann. § 6.02.

**7.** In 1993, the legislature amended section 6.02 to remove the superfluous phrase "of this section" from subsections (a) and (c). Act of June 19, 1993, 73rd Leg., R.S., ch. 900, 1993 Tex. Gen. Laws 3586, 3592.

Thus, the Court of Criminal Appeals would have been aware of section 6.02's existence not only when it wrote *Johnson,* but also when it wrote earlier opinions holding that the State need not prove a mental state regarding the age of the victim when prosecuting sexual offenses committed against children. *See, e.g., Johnson,* 967 S.W.2d at 849–50; *Roof v. State,* 665 S.W.2d 490, 491 (Tex.Crim.App.1984) (analyzing legislative history of section 21.11 and finding legislature did not intend to require a mental state in regard to the age of the child); *Vasquez,* 622 S.W.2d at 865 (holding legislature did not intend to require a mental state in regard to the age of the child in prosecutions under statutory rape provision). Appellant's first argument is without merit.

Second, appellant argues that the Court of Criminal Appeals' *Aguirre* opinion casts doubt on the holding in *Johnson.* However, far from overruling *Johnson* or suggesting *Johnson* should be reconsidered, the *Aguirre* court cited *Johnson* with approval. 22 S.W.3d at 475 & n. 48. In *Aguirre,* the court discussed the application of section 6.02 to a city ordinance that did not require a mental state for prosecution of a violation. *Id.* at 470–77 (holding that section 6.02 required that a culpable mental state be read into the ordinance). In that context, the court discussed the nature of strict liability crimes, or crimes that do not require a particular mental state for liability to attach. *Id.* at 472–76. The court explained that strict liability laws include those that are regulatory in nature or for the public welfare, but also include laws designed to protect children. *Id.* at 475. The court then cited *Johnson* for an example of the latter. *Id.* at 475 & n. 48. By citing *Johnson* in this context, it is clear that the *Aguirre* court did not intend to disturb the long-standing rule that the State need not prove a culpable mental state in regards to the age of the victim when prosecuting sexual offenses committed against children. Appellant's second argument is without merit. Because we find no merit in appellant's arguments, his two issues are overruled.

The trial court's judgment is affirmed.