Affirmed and Memorandum Opinion filed May 27, 2008








Affirmed and Memorandum Opinion filed May 27, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00574-CR

_______________

 

RONNIE LYNN FARRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 06CR3377

                                                                                                                                                

 

M E M O R A N D U M  O P I N I O N

A jury convicted Ronnie Lynn Farris
of sexual assault of a child and the trial court assessed punishment at
confinement for 25 years.  Appellant contends that (1) the trial court erred in
denying his motion to suppress his written statement; (2) the evidence was
factually and legally insufficient to support his conviction; and (3) he was
denied effective assistance of counsel.  We affirm.

 

 

 








Background

In March 2006, appellant began a
sexual relationship with his 16-year-old sister-in-law, Aron.  Appellant was 29
at the time.  In May 2006, Aron=s mother found out about the relationship and reported it to
the police.  Detective Edinburgh was assigned to lead the investigation in the
case.  After appellant was arrested, he was interviewed by Detective Edinburgh
and made a written statement in which he admitted having sexual intercourse
with Aron when she was 16 years old.  

Analysis 

1. Motion to Suppress

In his first issue, appellant argues
that the trial court erred by not suppressing the written statement he made while
in custody because (1) Aron misrepresented her true age;  and (2) Detective
Edinburgh inaccurately questioned him when he failed Ato ask the ultimate question of when
[appellant] knew of [Aron=s] age (prior to, or after the incidents).@  

At a suppression hearing, the trial
judge is the sole trier of fact and judge of credibility.  Maxwell v. State,
73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  On appeal, we give almost total
deference to the trial court=s findings of fact but conduct a de novo review of the
court=s application of law to those facts. 
Id.  The denial of a motion to suppress should be upheld if the ruling
is reasonably supported by the record and correct on any theory of the law
applicable to the case.  Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim.
App. 2003).








 An accused=s statement may be used in evidence
against him if it appears that the statement was freely and voluntarily made
without compulsion or persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 2005).  Additionally, a written statement made by an accused as a
result of custodial interrogation is admissible as evidence against him in any
criminal proceeding if it is shown on the face of the statement that the
accused, before making the statement, received from the person to whom the statement
was made a warning that (1) he has the right to remain silent and not make any
statement at all; (2) any statement he makes may be used against him at his
trial; (3) any statement he makes may be used as evidence against him in court;
(4) he has the right to have a lawyer present to advise him prior to and during
any questioning; (5) if he is unable to employ a lawyer, he has the right to
have a lawyer appointed to advise him prior to and during any questioning; and
(6) he has the right to terminate the interview at any time.  Tex. Code Crim.
Proc. Ann. art. 38.22, ' 2 (Vernon 2005).[1]  It also must
be established that the accused, before and  while making  the statement,
knowingly, intelligently, and voluntarily waived the rights set out in the
warning.  Id.          

In this case, the trial court=s findings of fact state as follows:
(1) appellant indicated to Detective Edinburgh that he would like to give a
statement; (2) appellant was read his Miranda warnings, stated that he
understood the warnings, acknowledged the warnings by writing his initials by
each of the five Miranda warnings, affirmed his understanding of his
rights, and nonetheless wanted to waive his rights voluntarily by making a
statement; (3) appellant was given an opportunity to read his statement and
make any alterations; (4) appellant initialed the beginning of each question
asked and initialed the end of each of his answers; and (5) appellant testified
that he gave his statement freely and voluntarily, and that everything in his
statement is true and correct.  In its conclusions of law, the trial court relied
upon appellant=s and Detective Edinburgh=s testimony C as well as appellant=s written confession and signed
waiver of rights C in concluding that appellant knowingly, intelligently, and
voluntarily waived his rights. 








A review of the record of the hearing
on the motion to suppress supports the trial court=s findings and conclusions.  The
record also contains appellant=s waiver of rights and his written statement, which, taken
together, appellant initialed  at least 40 times.  Appellant does not dispute
that he knowingly, intelligently, voluntarily waived his rights; he does not
assert that he was coerced into making the statement or that the statement was
not true.  Additionally, whether appellant was mistaken about Aron=s true age or whether Detective
Edinburgh asked when appellant knew of Aron=s correct age has no bearing on the
admissibility of appellant=s statement.  Therefore, we conclude that appellant=s first issue is without merit.  We
overrule appellant=s first issue.

2. Sufficiency of the Evidence

In his second and third issues,
appellant contends that the evidence is legally and factually insufficient to
support his conviction for sexual assault of a child because Aron
misrepresented her true age.

In reviewing legal sufficiency, we
examine the evidence in the light most favorable to the verdict to determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006). When performing a legal sufficiency review, we may not
re‑evaluate the weight and credibility of the evidence and substitute our
judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999). We must resolve any inconsistencies in the testimony
in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).

In reviewing factual sufficiency, we
view all of the evidence in a neutral light to determine whether (1) the
evidence in support of the jury=s verdict, although legally sufficient, is nevertheless so
weak that the jury=s verdict seems clearly wrong and unjust; and (2) in
considering conflicting evidence, the jury=s verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Watson v. State, 204 S.W.3d 404, 414‑17 (Tex. Crim.
App. 2006). We consider all of the evidence; we do not intrude upon the jury=s role of assigning credibility and
weight to the evidence.  Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003).








Under the law applicable in this
case, a person commits the offense of sexual assault if the person
intentionally or knowingly causes the sexual organ of a child, younger than 17 
years of age who is not the spouse of the actor, to contact or penetrate the
sexual organ of another person, including the actor.  Tex. Penal Code Ann. ' 22.011(a)(2)(C), (c)(1) (Vernon
Supp. 2007).

In his brief, appellant admits that
he had sexual intercourse with Aron on several occasions.  Appellant concedes
that his good faith or reasonable belief that Aron was over the age of consent Ais simply no defense.@  Texas courts consistently have held
that when prosecuting sexual offenses committed against children, the State
need not prove a mental state regarding the child=s age.  See, e.g., Vasquez v.
State, 622 S.W.2d 864, 865 (Tex. Crim. App. 1981); Grice v. State,
162 S.W.3d 641, 646 (Tex. App.CHouston [14th Dist.]  2005, pet. ref=d).  Specifically, the State need not
show that the defendant knew that the victim was younger than 17.  Vasquez,
622 S.W.2d at 865; Grice, 162 S.W.3d at 646.  Appellant urges Athis Court to review the legal
framework surrounding this strict liability crime@ and cites People v. Hernandez,
393 P.2d 673 (Cal. 1964), as support for recognizing a good faith defense.  We
decline to do so.  We follow settled Texas law and conclude that the evidence
is both legally and factually sufficient to support appellant=s conviction.  We overrule appellant=s second and third issues.

3. Jury Instruction on Mistake of
Fact

In his fourth issue, appellant
questions whether he was denied effective assistance of counsel when his trial
counsel failed to seek a jury instruction on the defense of mistake of fact. 
At the same time, appellant concedes that trial counsel was not ineffective for
failing to request such an instruction because Texas does not recognize mistake
of fact as a defense to the offense of sexual assault of a child.  Thus, the
instruction would have been properly denied by the trial court had it been
requested.  Accordingly, appellant=s fourth issue is overruled.

4. Ineffective Assistance of Counsel








In his fifth issue, appellant alleges
that he was denied effective assistance of counsel because his trial counsel
failed to file a motion for appointment of an investigator; failed to request a
continuance to identify, locate, and call witnesses favorable to the defense;
and failed to investigate appellant=s mental health.

To prevail on an ineffective
assistance claim, appellant must show that (1) his trial counsel=s performance fell below an objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for the error, the result of the proceeding would have been different.  Wiggins
v. Smith, 539 U.S. 510, 521, 534 (2003); Garza v. State, 213 S.W.3d
338, 347‑48 (Tex. Crim. App. 2007).  Appellate review of trial counsel=s representation is highly
deferential and presumes that counsel=s actions fell within the wide range
of reasonable and professional assistance.  Garza, 213 S.W.3d at 348. 
If counsel=s reasons for his conduct do not appear in the record and there is at
least a possibility that the conduct could have been grounded in legitimate
trial strategy, we will defer to counsel=s decisions and deny relief on an
ineffective assistance claim on direct appeal.  Id.  To warrant reversal
where trial counsel has not been afforded an opportunity to explain those
reasons, the challenged conduct must be so outrageous that no competent
attorney would have engaged in it.  Roberts v. State, 220 S.W.3d 521,
533‑34 (Tex. Crim. App. 2007), cert. denied, 128 S. Ct. 282
(2007).

Appellant acknowledges that his trial
counsel filed a motion for the appointment of an investigator and that the
trial court granted the motion.  Further, appellant acknowledges that the Arecord is silent as to what, if any,
assistance the private investigator provided to trial counsel during the trial
in terms of witness evaluation and identification.@  Appellant also admits that any
other witnesses would have provided either cumulative or corroborating
testimony Aof the numerous and various circumstances in which the complaining
witness lied about her age.@  Additionally, there is nothing in the record to suggest
that appellant had a mental health history that his counsel could have
investigated or that appellant=s counsel indeed failed to investigate his mental health
history.  Lastly, appellant does not show how these alleged errors have
prejudiced him.  Accordingly, we overrule appellant=s fifth issue.

 

 








Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed May 27, 2008.

Panel consists of Chief Justice
Hedges, and Justices Fowler and Boyce.

Do not publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1]           These warnings track the requirements of Miranda
v. Arizona, 384 U.S. 436, 478-79 (1966).