COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

DUNSTAN TAMBA DAVIS,                                    No. 08-07-00195-CR

§

    Appellant,                                                  Appeal from the

§

V.                                                             Criminal District Court No. 1

§

THE STATE OF TEXAS,                                       of Tarrant County, Texas

§

    Appellee.                                                 (TC# 1040902D)

§

§

**<u>MEMORANDUM  OPINION</u>**

Dunstan Tamba Davis appeals a judgment convicting him of sexual assault of a child under 17 years of age.  Appellant's was convicted by a Tarrant County jury on June 6, 2007.  Appellant was sentenced to 10 years imprisonment.  Appellant's court appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.  *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  A copy of counsel's brief has been delivered to Appellant, and Appellant has not exercised his right to file a *pro se* brief.  Although counsel states that following a professional evaluation the record does not contain reversible

error, counsel has proposed two arguable issues for review.

The arguable issues presented in the Appellant's brief are: (1) whether the evidence is factually insufficient to prove beyond a reasonable doubt that Appellant knew the victim was under 17 years old at the time of the offense; and (2) whether the trial court erred by allowing the prosecution to refer to the complaining witness as the "victim" during trial.

Appellant was convicted by a jury of the sexual assault of a child under 17 years of age. TEX.PENAL CODE ANN. § 22.011(a)(2)(A)(Vernon Supp. 2008). As Appellant's counsel acknowledges in his brief, under current case law, the prosecution is not required to prove that the defendant knew the victim's age under Section 22.011. *See Grice v. State*, 162 S.W.3d 641, 646 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd); *citing Vasquez v. State*, 622 S.W.2d 864, 865 (Tex.Crim.App. 1981). The defendant's ignorance of the victim's age is not an available defense. *See* TEX.PENAL CODE ANN. § 22.011(e); *Grice*, 162 S.W.3d at 646. A factual sufficiency review is only appropriate to address the sufficiency of the State's proof of the elements of the charged offense. *Hanks v. State*, 137 S.W.3d 668, 672 (Tex.Crim.App. 2004). Because the State was not required to prove Appellant was aware that the victim was underage at the time of the offense, Issue One must be overruled.

In Issue Two, counsel argues that the prosecution's identification of the complaining witness as the "victim" was improper. Trial counsel objected to the prosecutor's first reference to the complaining witness as the "victim" during examination of the State's first witness. The objection was overruled. The prosecution continued to refer to the "victim" throughout the trial with no further objection. Without expressing an opinion as to whether Appellant suffered from an error, or was harmed by the prosecutor's initial reference, we hold that the issue has not been

-2-

preserved for our review because defense counsel failed to object to the subsequent instances. *See* TEX.R.APP.P. 33.1(a). Issue Two is overruled.

In addition, we have carefully reviewed the record and counsel's brief, and agree that the appeal is wholly frivolous and without merit. Furthermore, we find nothing in the record that may arguably support the appeal. The trial court's judgment is affirmed.

October 16, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)