COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








DUNSTAN TAMBA DAVIS,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-07-00195-CR




Appeal from the



Criminal District Court No. 1



of Tarrant County, Texas 



(TC# 1040902D) 



MEMORANDUM OPINION

 Dunstan Tamba Davis appeals a judgment convicting him of sexual assault of a child
under 17 years of age. Appellant's was convicted by a Tarrant County jury on June 6, 2007.
Appellant was sentenced to 10 years imprisonment. Appellant's court appointed counsel has
filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d
493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a
professional evaluation of the record demonstrating why, in effect, there are no arguable grounds
to be advanced. See High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State, 516
S.W.2d 684 (Tex.Crim.App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex.Crim.App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). A copy of counsel's brief has been
delivered to Appellant, and Appellant has not exercised his right to file a pro se brief. Although
counsel states that following a professional evaluation the record does not contain reversible
error, counsel has proposed two arguable issues for review.

 The arguable issues presented in the Appellant's brief are: (1) whether the evidence is
factually insufficient to prove beyond a reasonable doubt that Appellant knew the victim was
under 17 years old at the time of the offense; and (2) whether the trial court erred by allowing the
prosecution to refer to the complaining witness as the "victim" during trial.

 Appellant was convicted by a jury of the sexual assault of a child under 17 years of age. 
Tex.Penal Code Ann. § 22.011(a)(2)(A)(Vernon Supp. 2008). As Appellant's counsel
acknowledges in his brief, under current case law, the prosecution is not required to prove that
the defendant knew the victim's age under Section 22.011. See Grice v. State, 162 S.W.3d 641,
646 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd); citing Vasquez v. State, 622 S.W.2d 864,
865 (Tex.Crim.App. 1981). The defendant's ignorance of the victim's age is not an available
defense. See Tex.Penal Code Ann. § 22.011(e); Grice, 162 S.W.3d at 646. A factual
sufficiency review is only appropriate to address the sufficiency of the State's proof of the
elements of the charged offense. Hanks v. State, 137 S.W.3d 668, 672 (Tex.Crim.App. 2004). 
Because the State was not required to prove Appellant was aware that the victim was underage at
the time of the offense, Issue One must be overruled. 

 In Issue Two, counsel argues that the prosecution's identification of the complaining
witness as the "victim" was improper. Trial counsel objected to the prosecutor's first reference
to the complaining witness as the "victim" during examination of the State's first witness. The
objection was overruled. The prosecution continued to refer to the "victim" throughout the trial
with no further objection. Without expressing an opinion as to whether Appellant suffered from
an error, or was harmed by the prosecutor's initial reference, we hold that the issue has not been
preserved for our review because defense counsel failed to object to the subsequent instances. 
See Tex.R.App.P. 33.1(a). Issue Two is overruled.

 In addition, we have carefully reviewed the record and counsel's brief, and agree that the
appeal is wholly frivolous and without merit. Furthermore, we find nothing in the record that
may arguably support the appeal. The trial court's judgment is affirmed.


October 16, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)