**Affirmed and Memorandum Opinion filed July 23, 2013.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00631-CR

**ARTURO DANIEL PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1204720**

## M E M O R A N D U M   O P I N I O N

Appellant, Arturo Daniel Perez, appeals the trial court's adjudication of appellant's guilt for indecency with a child. In a single issue, appellant contends he was denied effective assistance of counsel relative to the adjudication proceeding. We affirm.

## I. BACKGROUND

Appellant pleaded "guilty" to indecency with a child. The trial court placed appellant on five years' deferred-adjudication community supervision. Subsequently, the State filed two different motions to adjudicate guilt on the ground appellant violated conditions of his community supervision. The State dismissed those motions after the trial court amended the conditions. The State eventually filed the amended motion that resulted in the proceeding at issue.

The trial court conducted a hearing on the motion. At the hearing, appellant pleaded "true" to two paragraphs in the motion, alleging he "fail[ed] to avoid injurious or vicious habits" because he consumed alcohol and Xanax. The trial court heard evidence regarding three other allegations to which appellant pleaded "not true." The trial court found an allegation that appellant was "unsatisfactorily discharged from" a Sex Offender Treatment program through Greater Houston Psychological Institute was "not true." The trial court found the following allegations were "true": (1) appellant was "unsatisfactorily discharged from" a Sex Offender Treatment program through Breakthrough, and (2) he viewed a pornographic image. Neither party presented any evidence pertaining to punishment. The trial court adjudicated guilt and sentenced appellant to ten years' confinement.[1] The trial court orally remarked, and appellant agreed, that he had been in the court "on multiple occasions with several Probation Officers trying to resolve [his] issues . . . [f]or a very long time."

---

[1] Appellant and the State signed a stipulation in which appellant agreed to plead "true" to the motion and waive his right to appeal and the State agreed to recommend a sentence of two years' confinement. The trial court did not accept the recommendation. On appeal, the State notes the trial court stated in the judgment that appellant waived his right to appeal and no appeal is permitted; however, in the certification of appellant's right to appeal signed the next day, the trial court stated the case is not a plea bargain case and appellant has the right to appeal. We treat the certification as controlling under these circumstances. *See Grice v. State*, 162 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

## II. STANDARD OF REVIEW

To prevail on an ineffective-assistance claim, an appellant must prove (1) counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## III. ANALYSIS

Appellant contends his trial counsel's performance was deficient because he failed to present evidence regarding appellant's history of mental illness at the hearing on the motion to adjudicate guilt. Appellant suggests such evidence would have served (1) as mitigation for appellant violating the conditions of community supervision, and (2) as mitigation relative to the trial court's decision on punishment. Appellant primarily complains he would have received a lesser

sentence than ten years' confinement if counsel had presented such evidence. Appellant did not file a motion for new trial to develop a record reflecting counsel's allegedly deficient performance. However, appellant relies on several items in the existing record to support his contention.

Appellant cites an "Order for Psychiatric or Medical Review," signed by the trial court about three months after the date of the alleged offense and shortly before appellant was indicted. In the order, the trial court stated,

> Today, the Court was presented with evidence indicating that the defendant may be in need of psychiatric and / or medical examination.
>
> THIS EVIDENCE INCLUDES THE FOLLOWING:
>
> Def. has a well-documented mental retardation history including special education at HISD.

The order does confirm there is some evidence appellant has a history of mental retardation. However, the trial court's statement was quite general, and the referenced evidence is not in the record. Further, the record is otherwise silent regarding the nature and contents of the referenced evidence, including the severity of appellant's condition. Without a record containing, or more specifically describing, the evidence, we cannot determine whether it might have effectively served as mitigation evidence.

Appellant also cites the physician's "Psychiatric or Medical Status Report," filed with the court. The doctor reported on a form, "After examining the defendant, I have determined that, as of today, the defendant . . . is receiving medication." The physician did not mark other options on the form including "appears to be demonstrating aggressive and unpredictable behavior," "needs additional time, __ (days), for stabilization," "has refused to be placed on

4

medication," or "needs a formal mental health evaluation." Thus, the report does not provide further details regarding appellant's mental-health history or establish he suffered from an uncontrolled condition when he committed the offense or subsequently violated the conditions of community supervision.

Additionally, appellant relies on a letter in the clerk's record, which he purportedly wrote to the trial court. The author blamed failure to attend the requisite meetings for sex-offender treatment on transportation problems and his mental impairment. Specifically, the author stated he cannot read and write, has an IQ below 72, is on psychiatric medication, and is considered mentally challenged and "MHMR." Assuming appellant was the author, this unsworn letter does not constitute evidence supporting the ineffective-assistance claim.

Finally, appellant suggests the record of the adjudication hearing demonstrates the extent of his mental impairment because it shows he was "confused" and "did not understand what was involved." The record indicates (1) appellant was confused at first when entering his pleas due to the number of different allegations; but after clarification and further questioning by the trial court, he understood to which allegations he was pleading "true" or "not true," (2) any difficulty appellant had in communicating at the hearing was due to a speech impediment, and (3) he understood the nature of the proceeding because he acknowledged the terms of community supervision, attempted to offer excuses for the violations, and personally asked for another opportunity to comply.

In summary, appellant has not established there existed evidence that might have served as mitigation. Relative to an ineffective-assistance claim, counsel's failure to present evidence is irrelevant absent a showing that such evidence was available and appellant would have benefitted from it. *See King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Wade v. State*, 164 S.W.3d 788, 796 (Tex.

5

App.—Houston [14th Dist.] 2005, no pet.). On the record before us, it is pure speculation that the trial court might have attributed appellant's commission of the underlying offense or probation violations, in whole or part, to the fact he is mentally retarded if counsel had presented evidence of his mental-health history.

Similarly, without more details regarding appellant's mental-health history, and a record regarding counsel's strategy and actions, we cannot foreclose the possibility counsel made a sound strategic decision that such history would not serve as effective mitigation evidence. Any number of factors might have influenced such a tactical decision, including (1) the contents of appellant's mental-health records, (2) counsel's interaction with appellant, (3) the physician's report stating appellant was taking medication and indicating no further action was necessary, or (4) the fact the trial court had previously given appellant multiple opportunities to comply with the conditions of community supervision. Consequently, we cannot conclude counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392; *see also Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (rejecting appellant's claim on direct appeal that counsel was ineffective by failing to offer mitigation evidence, including evidence regarding appellant's mental capacity, where record was silent regarding counsel's reasons for his actions, which might have been part of sound trial strategy).

We overrule appellant's sole issue and affirm the trial court's judgment.

/s/ John Donovan
Justice

Panel consists of Justices Frost, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).