**Motion for Rehearing Granted; Opinion of May 23, 2019 Withdrawn; Affirmed as Modified and Substitute Opinion filed June 20, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00347-CR**
**NO. 14-18-00348-CR**

---

**MARQUS SIRLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1541904 & 1542051**

---

## S U B S T I T U T E   O P I N I O N

We grant the State's motion for rehearing. We withdraw our opinion dated May 23, 2019 and issue the following substitute opinion.

Appellant Marqus Sirls was charged with two felony offenses: aggravated robbery with a deadly weapon and aggravated sexual assault. Appellant plead guilty to both offenses and the trial court sentenced him to 35-years' confinement.

On appeal, Appellant asserts (1) the trial court erred when it denied his request to unseal certain documents, and (2) the trial court's judgments erroneously state Appellant does not have the right to appeal. The State raises a cross-point seeking modification of the judgment in Appellant's aggravated sexual assault case. For the reasons below, we affirm both judgments as modified.

## BACKGROUND

In March 2017, a Harris County grand jury returned two indictments charging Appellant with the felony offenses of aggravated robbery with a deadly weapon and aggravated sexual assault. Appellant was arrested for the charged offenses and proceeded under two separate cause numbers.

Appellant filed in both cases a combined "Motion to Suppress Evidence and Unseal Court Documents Under Art. 18.21, Tex. Code Crim. Proc." In his motion, Appellant stated he was arrested and "certain items of evidence" were obtained after police officers initiated a traffic stop on a vehicle occupied by Appellant and three other individuals. According to Appellant, "[t]he vehicle had been tracked by the use of a tracking device planted pursuant to a sealed court order obtained under the provisions of Art. 18.21(1)(6), Tex. Code Crim. Proc." Appellant asked the trial court to unseal the documents related to the tracking device order "so the adequacy of probable cause for the order, if any, can be tested." Appellant also requested that any evidence obtained as a result of the search be suppressed.

The State responded to Appellant's combined motion to suppress and unseal, asserting the applicable statute provided no mechanism to unseal the requested documents. The State asked that the documents remain sealed or, in the alternative, that the trial court conduct an *in camera* inspection of the documents to evaluate Appellant's arguments.

2

Although Appellant requested a hearing on his combined motion, there is no record of the oral hearing, if any, that occurred.[1] An identical order denying Appellant's motion was filed in both cases. The order is dated but is not signed.

Appellant plead guilty to both offenses. Following the State's sentencing recommendation, the trial court sentenced Appellants to 35-years' confinement to run concurrently. Appellant timely appealed.

## ANALYSIS

Appellant asserts two issues on appeal and argues (1) the trial court erroneously denied his request to unseal certain documents, and (2) the trial court's final judgments erroneously state Appellant does not have the right to appeal.

In Appellant's aggravated sexual assault case, the State raises a cross-point and requests modification of the final judgment.

## I.  Appellant's Right to Appeal

We begin by addressing Appellant's second issue regarding his right to appeal. Appellant requests the trial court's final judgment in both cases be modified to reflect that he has the right to appeal. Arguing against Appellant's requested relief, the State contends the record shows Appellant knowingly and voluntarily waived his right to appeal.

The record is inconsistent on this issue and contains conflicting documentation with respect to Appellant's right to appeal:[2]

- Included among his plea papers, Appellant signed a two-page document entitled, "Waiver of Constitutional Rights, Agreement to Stipulate, and

---

[1] Appellant states in his brief that "[t]he trial court did not hold a recorded hearing on Appellant's motion to suppress and unseal documents." The State's appellate brief states, "[n]o transcript of any hearing was taken."

[2] Identical copies of each document were filed in both underlying cases.

3

Judicial Confession." The standardized, pre-printed document tracks the language of the indictment. According to the document's pre-printed statements, Appellant understands the allegations against him; confesses they are true; consents to the oral and written stipulation of evidence; agrees that the attorney representing him has properly represented him; intends to plead guilty; agrees to the sentence recommendations; and waives "*any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.*"

- Appellant signed a standard, pre-printed document entitled, "Advice of Defendant's Right to Appeal," which includes five numbered paragraphs informing Appellant of his rights regarding appeal. The second paragraph states: "*If you pled guilty or no contest and accepted the punishment recommended by the prosecutor, however, you cannot appeal your conviction unless this Court gives you permission. If you waived or gave up your right to appeal, you cannot appeal your conviction.*"

- The trial court's final judgment contains a section entitled "special findings or orders." This section states, "*APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.*"

- The trial court signed a certification of Appellant's right to appeal and, of the five boxes available to check, checked the box stating that Appellant's case was "*a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal.*"

- The order on Appellant's combined motion to suppress and unseal includes a handwritten notation stating, "*Notice of Appeal filed (04/24/2018).*" The order is dated March 16, 2018 but is not signed by the trial court.

In a plea-bargain case, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. Ann. art 44.02 (Vernon 2018); *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) (orig. proceeding). A plea bargain is a contract between the State and the defendant and, once the plea agreement is finalized, the State and the defendant are entitled to the benefit of their bargain. *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987); *see also Ex parte De Leon*, 400 S.W.3d at 89; *State v.*

*Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007). "Appellate courts look to the written agreement, as well as the formal record, to determine the terms of the plea agreement, and we will imply a term only when necessary to effectuate the intention of the parties." *Ex parte De Leon*, 400 S.W.3d at 89.

Our analysis is guided by *Willis v. State*, 121 S.W.3d 400 (Tex. Crim. App. 2003), and *Grice v. State*, 162 S.W.3d 641 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Like the record before us, the record in *Willis* contained conflicting documentation regarding the defendant's right to appeal: the pre-printed plea papers stated the defendant waived "any right of appeal;" the admonishments stated the defendant must receive the trial court's permission to appeal; the trial court's agreed setting form included the handwritten comment, "check atty on appeal;" and, on the defendant's notice of appeal, a handwritten notation above the judge's signature stated, "The trial court grants permission to appeal." 121 S.W.3d at 401-02. Holding that "the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver," the Court of Criminal Appeals concluded the defendant retained the right to appeal "despite the boilerplate waiver." *Id*. at 403.

Likewise, the record in *Grice* was unclear regarding the defendant's right to appeal. 162 S.W.3d at 643-44. Two documents indicated the defendant waived his right to appeal: (1) the guilty plea, which included a boilerplate waiver, and (2) the judgment, which contained a stamped indication that the defendant waived his right to appeal. *Id*. at 643. But the trial court's "Certification of Defendant's Right to Appeal" indicated the defendant retained the right to appeal and, at the defendant's plea hearing, the judge and the attorneys discussed the defendant's appeal of his denied motion to suppress.

Analyzing this conflicting documentation, we noted the Court of Criminal

5

Appeals has expressed a clear preference for disregarding waivers of appeal when the record contains other indications that the defendant did not intend to waive his right of appeal. *Id*. at 644. Extrapolating this reasoning to the facts of *Grice*, we held, "when there is a conflict in the documentation regarding a defendant's right to appeal, the required statement of the intent to appeal (contained in the certification) controls over the surplusage statement of the intent to appeal (contained in the judgment)." *Id*. at 645. In light of this conclusion, we held the defendant did not waive his right to appeal. *Id*.; *see also Khan v. State*, No. 01-18-00327-CR, 2019 WL 346861, at *7 (Tex. App.—Houston [1st Dist.] Jan. 29, 2019, no pet. h.) (mem. op., not designated for publication) (citing *Grice*, our sister court held the permission to appeal contained in the trial court's certification controlled over a contrary statement in the final judgment).

As in *Willis* and *Grice*, statements regarding Appellant's waiver of his right to appeal were contained in pre-printed, standardized documents. The waiver in Appellant's plea papers was contained amongst numerous other statements that addressed, in part, the allegations against Appellant, stipulations of evidence, the recommended sentence, and Appellant's legal representation. The waiver in "Advice of Defendant's Right to Appeal" was included with several other advisory points, some of which did not apply to Appellant's case. These boilerplate statements do not control over the certification of Appellant's right to appeal and the handwritten notation on the order denying Appellant's combined motion to suppress and unseal. *See Willis*, 121 S.W.3d at 403 (the trial court's "handwritten permission to appeal" controlled over the defendant's "boilerplate waiver").

Although the trial court's final judgment also contains a statement addressing Appellant's waiver of his appellate rights, we held in *Grice* that the trial court's certification controls over the final judgment with respect to the waiver of

6

appeal. *Grice*, 162 S.W.3d at 645. Here, the trial court's certification indicates Appellant has the right to appeal matters raised by written motion and ruled on by the trial court. This explicit statement addressing Appellant's appellate rights controls over the language in the judgment. *See id.*

Pointing out that we lack a reporter's record of any hearings held in the underlying proceeding, the State argues modification of the final judgments is improper because no clear evidence supports Appellant's right to appeal. But the Court of Criminal Appeals in *Willis* also lacked a reporter's record that may have evidenced oral discussions regarding the defendant's right to appeal. *See Willis*, 121 S.W.3d at 403. Nonetheless, based on the documents contained in the record, the Court concluded the boilerplate waivers did not control over the trial court's handwritten permission to appeal. *Id.* Here too, based on the trial court's certification of Appellant's right to appeal and the handwritten notation on the order denying Appellant's motion to suppress, we conclude Appellant did not waive his right to appeal.

Accordingly, we sustain Appellant's second issue and modify the trial court's final judgments in both cases to strike the "special finding[] or order[]" of "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." *See* Tex. R. App. P. 43.2(b); *see, e.g., Khan*, 2019 WL 346861, at *7.

## II. The Trial Court's Denial of Appellant's Motion to Unseal

In his first issue, Appellant argues the trial court violated his due process rights when it denied his request to unseal the documents related to the trial court's order permitting the installation of a mobile tracking device. The State asserts several arguments in response:

1. The record does not show the trial court ruled on Appellant's motion to unseal as necessary to preserve this issue for appellate review.

7

2. Appellant withdrew the motion to unseal before his guilty plea.

3. The trial court's denial of the motion to unseal would have been proper.

We conclude (1) the trial court implicitly ruled on Appellant's motion to unseal, (2) Appellant did not withdraw his motion to unseal, and (3) any error stemming from the trial court's denial of Appellant's motion to unseal is harmless.

### A. The Trial Court Ruled on Appellant's Motion to Unseal.

Arguing Appellant did not preserve error with respect to his motion to unseal, the State asserts the trial court "never signed the order or expressly ruled on the record in response to the motion to unseal."

To preserve a complaint for appellate review, the record must show the complaint was made to the trial court and the trial court "ruled on the request . . . either expressly or implicitly[.]" Tex. R. App. P. 33.1(a); *see also Montanez v. State*, 195 S.W.3d 101, 104 (Tex. Crim. App. 2006). A trial court's ruling need not be expressly stated if its actions or other statements unquestionably indicate a ruling. *See Montanez*, 195 S.W.3d at 104-05. Conclusions regarding an implicit ruling may be drawn from the trial court's docket entries, the trial court's certification of the defendant's right to appeal, and other documentation in the record. *See id.* (trial court implicitly overruled motion to suppress where trial court's docket sheet stated "appeal preserved as to issues presented" and trial court certified the defendant's right to appeal); *see also Lasyone v. State*, No. 12-14-00050-CR, 2014 WL 3662567, at *1 n.1 (Tex. App.—Tyler July 23, 2014, no pet.) (mem. op., not designated for publication).

Here, the record supports the conclusion that the trial court overruled Appellant's combined motion to suppress and unseal. The trial court's order states, in relevant part:

8

> ON THIS THE ___ DAY OF ____, 2018, came to be heard Defendant's Motion to Suppress and to unseal documents related to the granting of a court order under Art. 18.21(1)(6), Tex. Code Crim. Proc., and it appears to this Court that said Motion should be **GRANTED/DENIED**.

Hand-written on the order is the date March 16, 2018, and the word "DENIED" is circled. The order is not signed, but a handwritten notation states, "Notice of Appeal filed (04/24/2018)."

The trial court's docket sheet also indicates the trial court ruled on Appellant's combined motion and, in an entry dated March 16, 2018, states, "ORDER: DENIED MTN SUPPRESS EVIDNCE." Likewise, in the certification of Appellant's right to appeal, the trial court stated Appellant has the right to appeal matters raised by written motion filed and ruled on before trial. These documents, considered altogether, are sufficient to show the trial court overruled Appellant's combined motion to suppress and unseal as necessary to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1(a); *see also Montanez*, 195 S.W.3d at 104-05, and *Lasyone*, 2014 WL 3662567, at *1 n.1.

## B.   Appellant Did Not Withdraw His Motion to Unseal.

Pointing to the papers Appellant signed in connection with his guilty plea, the State argues Appellant withdrew his motion to unseal and failed to preserve error on this issue. Appellant signed a document entitled, "Acknowledgement of Compliance with Texas Code of Criminal Procedure Article 39.14(a)," which states, in relevant part:

> Comes now the defendant and hereby withdraws any requests made in the above numbered cause for further discovery pursuant to Texas Code of Criminal Procedure Article 39.14(a).

The document is signed by Appellant and dated April 19, 2018.

We reject the State's contention that Appellant's signature on this document withdraws his motion to unseal and precludes appellate review on this issue. The order denying Appellant's combined motion to suppress and unseal was dated March 16, 2018 and entered on the trial court's docket that same day — approximately a month before Appellant signed the acknowledgement of compliance with article 39.14. Therefore, when Appellant signed the acknowledgement, his combined motion to suppress and unseal already had been ruled on and was not a live request subject to withdrawal. The State does not cite any authority to support its argument that the withdrawal of discovery requests pursuant to a plea agreement waives appellate review of a denied pre-trial discovery motion.

### C. Any Error Stemming from the Trial Court's Denial of Appellant's Motion to Unseal Is Harmless.

Appellant argues the trial court violated his due process rights when it denied his request to unseal documents related to the trial court's order permitting the installation of a mobile tracking device.

Use of the mobile tracking device was granted pursuant to Texas Code of Criminal Procedure article 18.21, which was repealed in January 2019. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 678, § 10, art. 18.21 § 14(a)-(f), 2003 Tex. Gen. Laws 2106, 2107 (repealed 2019). Under this provision, the district judge was permitted to issue an order for the installation and use of a mobile tracking device on the application of an authorized peace officer that included the following information:

1. The name, department, agency, and address of the officer;
2. The vehicle to which the mobile tracking device was to be attached;
3. The owner or possessor of the vehicle;

4. The jurisdictional area in which the vehicle was expected to be found; and

5. Facts and circumstances that provided the officer with reasonable suspicion that (A) criminal activity has been, is, or will be committed; and (B) the installation and use of the mobile tracking device was likely to produce information that was material to an ongoing criminal investigation of the criminal activity described in paragraph (A).

*Id*. at art. 18.21 § 14(a), (c). Appellant seeks access to the tracking device application and authorization order "so the adequacy of probable cause for the order, if any, could be tested."

As the State correctly notes, article 18.21 did not include any mechanisms for unsealing the tracking device application or authorization order. *See id*. at art. 18.21 § 14; *see also Amilpas v. State*, No. 01-14-00053-CR, 2015 WL 1869458, at *4 (Tex. App.—Houston [1st Dist.] Apr. 23, 2015, no pet.) (mem. op., not designated for publication). Similarly, article 18.21 did not provide the circumstances under which a defendant could appeal from an order denying a motion to unseal. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 678, §10, art. 18.21 § 14(a)-(f), 2003 Tex. Gen. Laws 2106, 2107 (repealed 2019). Other cases examining similar circumstances have concluded appellate courts lack jurisdiction to consider an appeal from the denial of a motion to unseal documents. *See Arrington v. State*, No. 03-16-00708-CR, 2016 WL 6677934, at *1 (Tex. App.—Austin Nov. 9, 2016, no pet.) (mem. op., not designated for publication); *Mooney v. State*, No. 05-12-01221-CR, 2012 WL 4076165, at *1 (Tex. App.—Dallas Sept. 18, 2012, no pet.) (mem. op., not designated for publication).

But setting aside these jurisdictional issues, Appellant's constitutional complaints must be harmful in order to warrant reversal. *See* Tex. R. App. P. 44.2(a); *see also Amilpas*, 2015 WL 1869458, at *4. Here, we need not decide whether Appellant's claim has merit because, even assuming the trial court's

refusal to unseal the tracking device application and order amounted to constitutional error, the record does not show this error was harmful.

In his combined motion to suppress and unseal, Appellant claimed he was a passenger in a vehicle subject to a tracking device and requested the trial court unseal relevant documents so Appellant could "test[]" the adequacy of probable cause for the tracking device authorization order. In response, the State asked that the tracking device application and order remain sealed and, if necessary, the trial court conduct an *in camera* inspection to determine if the applicable standards were met. Neither Appellant nor the State attached any evidence to their filing, and the record does not reflect whether a hearing on Appellant's combined motion to suppress and unseal ever took place. Without a record of the proceedings (if any) or any evidence supporting Appellant's combined motion, we cannot conclude the trial court's denial of Appellant's motion to unseal was harmful.

Appellant contends unsealing the tracking device application and order was a necessary prerequisite to his motion to suppress. But as the State points out, the record does not show Appellant could satisfy other elements necessary to prevail on his motion to suppress, such as standing. *See State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013) ("an accused has standing to challenge the admission of evidence obtained by an 'unlawful' search or seizure only if he had a legitimate expectation of privacy in the place invaded"). Similarly, the record is silent as to whether the trial court undertook an *in camera* inspection of the tracking device application and order as requested by the State. Without this information, we cannot conclude the trial court's denial of Appellant's motion to unseal was harmful. We overrule Appellant's first issue.

## III.      The State's Cross-Point

In case number 14-18-00348-CR, Appellant plead guilty to the offense of

aggravated sexual assault with a deadly weapon. The trial court's final judgment in this case includes the following finding:

> THE COURT FINDS THAT AT THE TIME OF THE OFFENSE, DEFENDANT WAS YOUNGER THAN NINETEEN (19) YEARS OF AGE AND THE VICTIM WAS AT LEAST THIRTEEN (13) YEARS OF AGE. THE COURT FURTHER FINDS THAT THE CONVICTION IS BASED SOLELY ON THE AGES OF DEFENDANT AND THE VICTIM OR INTENDED VICTIM AT THE TIME OF THE OFFENSE. TEX. CODE CRIM. PROC., ART. 42.017.

Arguing that Appellant's aggravated sexual assault conviction does not support this finding, the State requests that the trial court's judgment be modified to delete this finding. Appellant agrees with the State's requested modification.

In a judgment convicting a defendant of indecency with a child or sexual assault, Texas Code of Criminal Procedure article 42.017 permits the trial court to make a finding that (1) at the time of the offense, the defendant was not more than four years older than the victim and the victim was at least 15 years of age; and (2) the conviction is based solely on the ages of the defendant and the victim at the time of the offense. Tex. Code Crim. Proc. Ann. art. 42.017 (Vernon 2018); *see also* Tex. Penal Code Ann. §§ 21.11, 22.011 (Vernon 2019).

Here, Appellant was convicted of aggravated sexual assault — an offense for which an article 42.017 finding is not permitted. *See* Tex. Code Crim. Proc. Ann. art. 42.017; *see also* Tex. Penal Code Ann. § 22.021 (Vernon 2019). Accordingly, we sustain the State's cross-point and modify the trial court's final judgment in case number 14-18-00348-CR to strike the following "special finding[] or order[:]"

> THE COURT FINDS THAT AT THE TIME OF THE OFFENSE, DEFENDANT WAS YOUNGER THAN NINETEEN (19) YEARS OF AGE AND THE VICTIM WAS AT LEAST THIRTEEN (13)

YEARS OF AGE. THE COURT FURTHER FINDS THAT THE CONVICTION IS BASED SOLELY ON THE AGES OF DEFENDANT AND THE VICTIM OR INTENDED VICTIM AT THE TIME OF THE OFFENSE. TEX. CODE CRIM. PROC., ART. 42.017.

*See* Tex. R. App. P. 43.2(b); *see, e.g., Morales v. State*, No. 06-16-00071-CR, 2017 WL 429587, at *2-3 (Tex. App.—Texarkana Feb. 1, 2017, pet. ref'd) (mem. op., not designated for publication).

## CONCLUSION

We modify the trial court's final judgments in case numbers 14-18-00347-CR and 14-18-00348-CR to strike the "special finding[] or order[]" stating "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." We further modify the trial court's final judgment in case number 14-18-00348-CR to strike the following "special finding[] or order[:]"

THE COURT FINDS THAT AT THE TIME OF THE OFFENSE, DEFENDANT WAS YOUNGER THAN NINETEEN (19) YEARS OF AGE AND THE VICTIM WAS AT LEAST THIRTEEN (13) YEARS OF AGE. THE COURT FURTHER FINDS THAT THE CONVICTION IS BASED SOLELY ON THE AGES OF DEFENDANT AND THE VICTIM OR INTENDED VICTIM AT THE TIME OF THE OFFENSE. TEX. CODE CRIM. PROC., ART. 42.017.

We affirm the judgments as modified.

/s/     Meagan Hassan
        Justice

Panel consists of Justices Christopher, Hassan, and Poissant.

Publish — Tex. R. App. P. 47.2(b).

14