

# NUMBER 13-13-00611-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TOMMY LANE WADDELL,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 33rd District Court
## of Burnet County, Texas.

# OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Opinion by Justice Rodriguez

A jury convicted appellant Tommy Lane Waddell of three counts of indecency with

a child by contact and determined his punishment for each count at two years'

confinement in the Texas Department of Criminal Justice–Institutional Division.[1]  *See*

TEX. PENAL CODE ANN. § 21.11(a)(1) (West, Westlaw through 2013 3d C.S.).  The trial

court entered judgments in conformity with the jury's verdicts and ordered the sentences

to run consecutively.  By one issue, Waddell contends that the trial court erred in granting

the State's motion to cumulate sentences and in ordering consecutive sentences.  We

affirm.

## I.  BACKGROUND

Waddell was charged by a single indictment of touching the genitals of Child A,[2]

the breast of Child A, and the breast of Child B.[3]  Each incident occurred on a different

date.  All offenses were tried in a single criminal trial.  Waddell did not object to any

defect, error, or irregularity in the form or the substance of the indictment.

Testimony at trial revealed that Child A and Child B are sisters.  During the

relevant time, they resided with their mother and Waddell, their mother's boyfriend.  The

State presented evidence of Waddell touching the vagina of Child A on October 12, 2012

while they were sitting on a couch.  Evidence further showed that toward the end of

October 2012, Waddell touched the breast of Child A while she was in her bed, waking

her from her sleep.  The evidence also established that in late August or early September

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] We refer to the minors in this case as Child A and Child B.

[3] Waddell was also charged with touching the breast of Child B on another date while alone in the car with her, but the trial court granted a directed verdict on that count.  Because this charged offense is not necessary to the disposition of this appeal, we will not include it in our discussion.  *See* TEX. R. APP. P. 47.1.

of 2012, Waddell touched the breast of Child B while she was sitting on his lap in a recliner chair watching television.

The jury found Waddell guilty of all three offenses, and the trial court ordered the sentences to run consecutively. This appeal followed.

## II. CONCURRENT SENTENCES

On appeal, Waddell contends by one issue that the trial court erred when it ordered his sentences to run consecutively. He argues that the trial court erred because the offenses were misjoined in a single indictment and because the State failed to establish that the offenses were part of the same criminal episode.

### A. Misjoinder Argument Waived

Waddell argues that a misjoinder occurred because the State charged him in a single indictment with more than one offense not arising from the same criminal episode. Waddell contends that his trial counsel properly objected to the misjoinder of the three counts in the indictment when he objected to the State's oral motion for cumulation of sentences during the punishment phase of the trial.

Relying on *Ex parte Pena,* an article 11.07 habeas corpus proceeding that raised allegations of a misjoinder in the indictment, Waddell claims that a defendant in his situation does not have to object pre-trial and can instead raise the issue after both sides have closed and rested. *See* 820 S.W.2d 806, 807–08 (Tex. Crim. App. 1991) (en banc). But the court of criminal appeals decided *Ex parte Pena* on a charging instrument that alleged offenses occurring on March 23, 1987. *See id.* This was prior to the September 1, 1991 effective date of the amendment to article 1.14(b), which requires a defendant to

3

object to a defect, error, or irregularity in the form or the substance of an indictment before the date on which the trial on the merits begins. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West, Westlaw through 2013 3d C.S.). The legislature amended this statute "to ensure that indictment defects could be objected to and repaired pretrial, but [also to ensure] that these defects would not invalidate an otherwise valid conviction if not raised before trial." *Teal v. State*, 230 S.W.3d 172, 176 (Tex. Crim. App. 2007) (holding that a defendant must "object to any error in the indictment before the day of trial and certainly before the jury is empaneled" or he forfeits his right to object to the defect). So under the current misjoinder statute, failure to object before the trial on the merits begins constitutes waiver of the error, and the error may not be raised for the first time on appeal or in a collateral attack. *Anderson v. State*, 905 S.W.2d 367, 369 (Tex. App.—Fort Worth 1995, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 1.14(b).

Because Waddell did not object to misjoinder before his trial began, he has waived his complaint on appeal.[4] *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *Anderson*, 905 S.W.2d at 369; *see also* TEX. R. APP. P. 33.1(a). We overrule Waddell's issue to the extent he complains of a defect, error, or irregularity in the form or the substance of his indictment.

---

[4] Waddell does not assert that his complaint implicates a fundamental right. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App.1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (en banc) ("All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong."); *Urtado v. State*, 333 S.W.3d 418, 423 (Tex. App.—Austin 2011, pet. ref'd) (addressing Urtado's double jeopardy claim raised for the first time on appeal because it implicated a fundamental right). And Waddell does not claim that the defect is jurisdictional. *See Johnson v. State*, 429 S.W.3d 13, 16 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits begins, he waives and forfeits the right to object to the defect, error, or irregularity, unless the defendant objects that there is no indictment at all, which is a jurisdictional defect.").

**B.    Same Criminal Episode**

Waddell also claims that the trial court erred in cumulating his sentences because the State failed to establish that the offenses charged in separate counts in the indictment were part of the same criminal episode, such that section 3.03 of the penal code would apply.    *See* TEX. PENAL CODE ANN. § 3.01 (West, Westlaw through 2013 3d C.S.) (defining "criminal episode"); *id.* § 3.03 (West, Westlaw through 2013 3d C.S.) (allowing for cumulation of sentences under certain circumstances when offenses occur in the same criminal episode).    In response, the State argues that the evidence did establish that the offenses were part of the same criminal episode; specifically, *inter alia*, that the evidence established that the offenses constituted the repeated commission of the same or similar offenses involving two minor children living in Waddell's household and occurring over a period of two to three months.    *See* TEX. PENAL CODE ANN. § 3.01.

**1.    Standard of Review**

We review a trial court's decision to "stack" or cumulate sentences for an abuse of discretion.    *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West, Westlaw through 2013 3d C.S.); *Beedy v. State*, 194 S.W.3d 595, 597 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107, 115 (Tex. Crim. App. 2008); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).    Under article 42.08 of the code of criminal procedure, the trial judge has the discretion to cumulate the sentences for two or more convictions.    TEX. CODE CRIM. PROC. ANN. art. 42.08(a).    An abuse of discretion will generally be found only if:    "(1) the trial court imposes consecutive sentences when the law requires concurrent sentences, (2) the trial court imposes concurrent sentences

when the law requires consecutive ones, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing." *Nicholas*, 56 S.W.3d at 765.

### 2. Applicable Law

The Texas Penal Code provides that a defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (West, Westlaw through 2013 3d C.S.). And when multiple offenses arising out of the same criminal episode are consolidated in a single trial and the defendant is found guilty of more than one offense, section 3.03 of the penal code provides that the trial court must cumulate sentences, except in certain instances where it may cumulate sentences, including convictions for indecency with a child. *Id.* § 3.03(a–b).

"Criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person, when (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan or (2) the offenses are the repeated commission of the same or similar offenses. *See id.* § 3.01. Section 3.01 "does not require that all the offenses arising out of the same criminal episode occur within any particular time frame." *Casey v. State*, 349 S.W.3d 825, 831 (Tex. App.—El Paso 2011, pet. ref'd); *see* TEX. PENAL CODE ANN. § 3.01.

### 3. Discussion

Here, Waddell was indicted for multiple indecency-with-a-child offenses and prosecuted in a single criminal action. The jury found him guilty of three charged

6

offenses. On appeal, Waddell asserts that because "the facts show that these offenses were not committed *in the same or similar fashion*," they were not from the same criminal episode.[5] (Emphasis added.) But "same or similar fashion" is not what needs to be shown to establish that offenses occurred in the same criminal episode. Under the second definition of "criminal episode" found in section 3.01 of the penal code, it need only be shown that the offenses for which a defendant was charged and convicted were the repeated commission of the *same or similar offense*. *See* TEX. PENAL CODE ANN. § 3.01. In this case, it was the repeated commission of the same offense—indecency with a child—that established that the offenses charged in separate counts in the indictment and for which Waddell was convicted were part of the same criminal episode. *See id.* The harm could have been directed or inflicted upon either Child A or Child B, *see id.*, and no particular time frame was required. *See Casey*, 349 S.W.3d at 831.

In sum, multiple offenses, which the trial court properly considered as arising out of the same criminal episode, were consolidated in a single trial, and the jury found Waddell guilty of more than one of the indecency-with-a-child offenses. *See id.* 3.02; *see also id.* § 21.11. Under section 3.03(b), the trial court had the discretion to order sentences for these crimes to run either concurrently or consecutively. *See Nguyen v. State*, 359 S.W.3d 636, 643 (Tex. Crim. App. 2012) (explaining that the legislative history of this statute revealed that "at the behest of prosecutors, Sections 3.03(b)(2)(A) & (B)

---

[5] Waddell also claims that the State neither alleged in the indictment nor offered any evidence that these offenses were committed pursuant to the same transaction or that the transactions were connected or part of a common scheme or plan. *See* TEX. PENAL CODE ANN. § 3.01 (West, Westlaw through 2013 3d C.S.). Even were we to agree that the State did not prove up this definition of "criminal episode" in penal code section 3.01, because the State established the second definition set forth in that statute, which is dispositive of this appeal, we need not address this contention. *See* TEX. R. APP. P. 47.

were added to give trial judges the authority to cumulate sentences for multiple sex offenses against children that were part of a single criminal episode").   In this case, the trial court determined that the sentences should run consecutively, which was allowed by law and clearly not an abuse of discretion.   *See Nicholas*, 56 S.W.3d at 765.   We overrule this remaining part of Waddell's issue.

### III.   CONCLUSION

We affirm.


NELDA V. RODRIGUEZ
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 5th
day of February, 2015.