

# NUMBER 13-17-00002-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JASON PAUL TIJERINA,**                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                              **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Jason Paul Tijerina appeals his sentence imposed by the trial court. By one issue, Tijerina argues the trial court's order of consecutive sentences was constitutionally excessive. We affirm.

### I.     BACKGROUND

Tijerina was charged on an 18-count indictment: Count 1-aggravated sexual assault of a child, Counts 2 and 4-17-possession with the intent to distribute child

pornography, Count 3-sexual performance by a child, and Count 18-indecency with a child. *See* Tex. Penal Code Ann. §§ 22.021, 43.26, 43.25, 21.11 (West, Westlaw through 2017 1st C.S.). Tijerina pleaded guilty to all 18 counts. As part of the plea of guilty, Tijerina waived his right to appeal or the filing of a motion for new trial related to the guilt portion of the hearing.

During a subsequent sentencing hearing, after hearing testimony from both witnesses for the State and Tijerina, the trial court sentenced Tijerina to ninety-nine years' imprisonment on Count 1, twenty years' imprisonment on Counts 2 and 4-17, and ten years' imprisonment on Count 18 in the Texas Department of Criminal Justice–Institutional Division, with all counts to run consecutive to each other as well as Tijerina's federal sentence.[1] Tijerina did not object to the sentence or file a motion for new trial. This appeal follows.

## II.     EXCESSIVE SENTENCING

By one issue, Tijerina argues that the trial court's stacking on his sentence constituted a constitutionally excessive sentence.

### A.     Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Even though within the range permitted by law, a sentence may nonetheless be disproportionate to the gravity of the offense. *See Ex parte Chavez,* 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

---

[1] Tijerina had previously pleaded guilty and was sentenced in federal court to additional charges.

We review a trial court's decision to "stack" or cumulate sentences for an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West, Westlaw through 2017 1st C.S.); *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi 2015, no pet.). Under article 42.08 of the code of criminal procedure, the trial judge has the discretion to cumulate the sentences for two or more convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08(a). An abuse of discretion will generally be found only if: "(1) the trial court imposes consecutive sentences when the law requires concurrent sentences, (2) the trial court imposes concurrent sentences when the law requires consecutive ones, or (3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing." *Nicholas v. State,* 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court, and obtain a ruling. TEX. R. APP. P. 33.1(a). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State,* 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

## B. Discussion

Having reviewed the record, we note that appellant did not object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion.

3

*See* TEX. R. APP. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).  Accordingly, appellant has waived any error for purposes of appellate review.   *See Rhoades,* 934 S.W.2d at 120; *Noland,* 264 S.W.3d at 151. Appellant's issue is overruled.

### III.     CONCLUSION

We affirm the trial court's judgment.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of May, 2018.

4