

# NUMBER 13-18-00342-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LARRY HARLAN BOYD,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant Larry Harlan Boyd pleaded guilty to two counts of possession with intent to promote child pornography and twenty-three counts of possession of child pornography, all second-degree felonies. *See* TEX. PENAL CODE ANN. § 43.26(e), (a). The jury sentenced him to prison terms of twenty years on each of the possession with intent to promote counts, and ten years on each of the possession counts. The trial court

entered judgments in conformity with the jury's verdict and ordered the sentences to run consecutively. By one issue, Boyd argues the trial court erred in ordering these sentences to run consecutively. We affirm.

## I. CONSECUTIVE SENTENCES

Boyd contends that pursuant to § 3.03 of the Texas Penal Code, the trial court should have ordered concurrent sentences. *See id*. § 3.03 (providing for cumulation of sentences for certain offenses).

### A. Standard of Review

We review a trial court's decision to "stack" or cumulate sentences for an abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). The trial court has discretion to cumulate sentences for two or more convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Waddell*, 456 S.W.3d at 369. A trial court abuses its discretion only if it: (1) "imposes consecutive sentences when the law requires concurrent sentences," (2) "imposes concurrent sentences when the law requires consecutive ones," or (3) "otherwise fails to observe the statutory requirements pertaining to sentencing." *Waddell*, 456 S.W.3d at 369.

### B. Discussion

Under the Texas Penal Code, a defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a). When multiple offenses arising out of the same criminal episode are consolidated in a single trial and the defendant is found guilty of more than one offense, the trial court may not cumulate sentences in most circumstances. *Id*. § 3.03(a).

However, the trial court has discretion to cumulate sentences for convictions of possession or promotion of child pornography if there is "some evidence" that the offenses occurred after September 1, 2005. *Id*. § 3.03(b)(3)(A); *see Bonilla v. State*, 452 S.W.3d 811, 817 (Tex. Crim. App. 2014) (setting forth "some evidence" standard under § 3.03(b)(2)(A)).

Here, Boyd pleaded guilty and was convicted of multiple possession of child pornography offenses alleged to have occurred on or about May 10, 2017 and on or about May 31, 2017. Thus, there was "some evidence" that the offense occurred after September 1, 2005. *See Bonilla*, 452 S.W.3d at 817; *Gerron v. State*, 524 S.W.3d 308, 329 (Tex. App.—Waco 2016, pet. ref'd.). Accordingly, we conclude that the trial court did not err or abuse its discretion in cumulating the sentences. *See Bonilla*, 452 S.W.3d at 817; *Gerron*, 524 S.W.3d at 329. We overrule Boyd's sole issue.

## II. CONCLUSION

Having overruled Boyd's sole issue, we affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.