**Affirmed as Modified and Opinion filed November 18, 2021.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00017-CR
NO. 14-20-00018-CR
NO. 14-20-00019-CR
NO. 14-20-00020-CR
NO. 14-20-00021-CR

**BUFORD LLOYD CROWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1614719, 1633371, 1633372, 1633373, 1633374**

## OPINION

Appellant pleaded guilty without an agreed recommendation for punishment to three counts of aggravated sexual assault of a child under fourteen years of age, sexual performance by a child under fourteen years of age, and possession with intent to promote child pornography. The trial court assessed punishment at

seventy years' imprisonment on each sexual assault and performance conviction and fifteen years' imprisonment on the pornography conviction. The court cumulated the sentences.

In four issues, appellant contends that (1) the trial court erred by not holding a hearing on his motion for new trial, (2) he was deprived of the assistance of counsel when the State moved him from the local jail to a prison during the time period for filing a motion for new trial, (3) his sentence in the sexual performance case is void because it exceeds the statutory maximum, and (4) his sentence in the child pornography case is void because it was erroneously cumulated.

We overrule appellant's first three issues but note that there are clerical errors in several judgments capable of reformation by this court. We sustain his fourth issue in part. We also find unassigned error related to the stacking of appellant's sentences. Accordingly, as explained below, we modify several of the trial court's judgments and affirm the judgments as modified.

## I. NO WAIVER OF RIGHT TO APPEAL

As an initial matter, the State contends that the appeal should be dismissed because appellant waived his right to appeal in his plea paperwork. We disagree with the State.

### A. Procedural Background

Appellant signed printed forms that provide, as part of a larger paragraph, "Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have." On the same day, the trial judge signed certifications of appellant's right of appeal, checking the box that each case was "not a plea-bargain case, and the defendant has the right of appeal." When appellant pleaded guilty in open court, the judge informed him, "And these are not

plea bargain cases. So, you do have the right to appeal. Okay?" After the judge sentenced appellant in open court six months later, the judge again said, "You also have the right to appeal." The written judgments, however, provide: "Appeal waived. No permission to appeal granted." On the same day, the judge appointed counsel to represent appellant on appeal.

## B.     Analysis

A trial court may allow a defendant to appeal despite a valid waiver of appeal. *Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003). Moreover, the trial court is in the best position to determine whether a previously executed waiver of appeal was in fact validly executed. *Id.* Thus, despite a defendant signing a boilerplate waiver of appeal and receiving a sentence recommendation as part of a plea bargain, the Court of Criminal Appeals upheld a defendant's right to appeal when the trial court included a handwritten note on the notice of appeal that the court granted permission to appeal, and the trial court appointed counsel. *See id.* at 401–03. Similarly, the Court of Criminal Appeals upheld a defendant's right to appeal when the defendant signed printed forms waiving his right to appeal, but the trial court orally announced on the record that the defendant had permission to appeal. *See Alzarka v. State*, 90 S.W.3d 321, 322–24 (Tex. Crim. App. 2002). This court upheld a defendant's right to appeal under the following circumstances: (1) the defendant signed a boilerplate waiver of appeal in his guilty plea paperwork; and (2) the judgment contained a stamped indication that the defendant waived his right to appeal and was not granted permission to appeal; but (3) the trial court signed a certification of the defendant's right to appeal indicating that the defendant had the right to appeal; and (4) the court orally announced in open court that the defendant could appeal a pretrial motion without objection from the

State. *Grice v. State*, 162 S.W.3d 641, 643–45 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

When, as here, there is a conflict in the documentation regarding a defendant's right to appeal, the required statement in the certification of the defendant's right to appeal controls over surplusage in the judgment. *Id.* at 645; *see also Sirls v. State*, 579 S.W.3d 651, 656 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The trial court certified appellant's right to appeal. And the trial court twice announced in open court that appellant had the right to appeal; the State voiced no objection or concern. Under these circumstances, appellant did not waive his right to appeal. *See Grice*, 162 S.W.3d at 643–45.

## II. NO HEARING ON MOTION FOR NEW TRIAL AND NO DENIAL OF COUNSEL

In his first issue, appellant contends that the trial court erred by denying him a hearing on his motion for new trial alleging ineffective assistance. As grounds for the alleged ineffectiveness, he claimed that his guilty plea was involuntary based on a "representation made by his attorney concerning possible punishment," and that counsel's submission of an expert report into evidence was not a reasonable strategic choice because it allowed the State to argue that appellant lied to his therapist and painted a false picture of his involvement in the offenses. In his second issue, which he argues together with his first, appellant contends that he was constructively deprived of the assistance of counsel during a critical phase of the prosecution because the State moved him from the local jail to an "inaccessible prison" during the time period for filing a motion for new trial. He argued in the motion for new trial that it was "physically impossible to meet with the Defendant and prepare an affidavit."

Appellant raised these issues in his motion for new trial but did not attach an affidavit or any other evidence to support his allegations. As a prerequisite to

4

obtaining a hearing on a motion for new trial, the motion must be supported by an affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). Even when supported by an affidavit, the affidavit may not be conclusory. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (defendant not entitled to hearing on motion for new trial when affidavit alleged only that counsel failed to interview two named witnesses who could have provided exculpatory information, without identifying what the witnesses would have said to exculpate him). If the allegations are conclusory and not supported by facts, no hearing on the motion is required. *Smith*, 286 S.W.3d at 339.

Appellant contends that it was "physically impossible" for appellate counsel to obtain affidavits to support the allegations of ineffective assistance because appellant was transferred to an "inaccessible prison" and thus denied representation during the time period for filing a motion for new trial. But, this allegation of deprivation of counsel is not supported by any record evidence— affidavit or otherwise—and is conclusory. Appellant provides no explanation for why it was physically impossible to obtain affidavits from appellant or others to support the motion.[1] Thus, appellant was not entitled to a hearing on his motion and has not demonstrated that he was denied counsel during the time period for filing a motion for new trial.

[1] Appellant filed a brief with this court signed by another inmate and designated as an amicus curiae brief. We need not consider this document as an amicus curiae brief, *see Booth v. State*, 499 S.W.2d 129, 135–36 (Tex. Crim. App. 1973); *Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at *2 n.1 (Tex. App.—Fort Worth May, 7, 2020, no pet.) (mem. op.), or any pro se brief filed by appellant, *see Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006). We note, however, that the brief alleges that appellate counsel's candor to the court is "less than genuine," because counsel's associate had a face-to-face meeting with appellant at the prison and they discussed the topics presented in the motion for new trial in detail.

Appellant's first and second issues are overruled.

## III.   NO VOID SENTENCE FOR SEXUAL PERFORMANCE OF A CHILD CONVICTION

Appellant contends that his seventy-year sentence for the conviction of sexual performance of a child in cause number 1633374 is void because it exceeds the statutory maximum for a second degree felony. *See, e.g.*, *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (per curiam) (sentence exceeding statutory maximum is unlawful).   The State contends that the judgment erroneously describes appellant's offense as a second degree felony when in fact appellant pleaded guilty to a first degree felony.   The State asks this court to modify the judgment to reflect that appellant was convicted of a first degree felony because the judgment contains a clerical mistake.

The indictment alleged that appellant employed, authorized, or induced a child younger than fourteen years of age to engage in sexual conduct by causing his mouth to contact the nude genitals of the complainant while recording the sexual conduct in digital video.   In his plea paperwork, appellant initialed next to a paragraph describing the offense as a first degree felony with a punishment range of life or five to ninety-nine years' imprisonment.   At the plea hearing, the court informed appellant that his plea was to "sexual performance by a child which also has a penalty range of five to 99."   The court accepted the plea of guilty, assessed punishment, and sentenced appellant to seventy years' imprisonment.   The judgment identifies the degree of the offense as a *second* degree felony.

The offense of sexual performance of a child is a second degree felony unless the offense is against a victim who is younger than fourteen years of age at the time of the offense; then it is a first degree felony. *See* Tex. Penal Code § 43.25(c).   The maximum term of imprisonment for a second degree felony is

6

twenty years, Tex. Penal Code § 12.33, while the maximum term for a first degree felony is life or ninety-nine years, *see id.* § 12.32.

This court may modify a judgment of the court below to make the record speak the truth if it has the necessary information to do so. *Carmona v. State*, 610 S.W.3d 611, 618 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The record shows that appellant pleaded guilty to a first degree felony, not a second degree felony. Thus, his sentence was within the statutory range and valid. We modify the judgment to reflect his conviction was for a first degree felony. *See Penton v. State*, 489 S.W.3d 578, 581 (Tex. App.—Houston [14th Dist.] 2016, pet ref'd) (modifying judgment to reflect correct offense and degree of offense); *see also Valdez v. State*, No. 14-01-00485-CR, 2002 WL 220652, at *1 (Tex. App.—Houston [14th Dist.] Feb. 14, 2002, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect that the defendant pleaded guilty to a second degree felony rather than a third degree felony).

Appellant's third issue is overruled.

## IV. ERRONEOUS CUMULATION ORDERS

In his fourth issue, appellant contends that his sentence in cause number 1633373 for the child pornography conviction is void because the offense is not one enumerated in the statute that authorizes the cumulation (or "stacking") of sentences to run consecutively. Later in his brief, however, he contends that the court erred when it stacked his sentence from cause number 1633374 for sexual performance of a child to run consecutive to the sentence for his child pornography conviction in cause number 1633373 because sexual performance of a child is not among the enumerated offenses in the cumulation statute. Appellant contends that the cumulation order should be removed from the judgment in cause number 1633374. The State concedes that the cumulation order should be deleted from

cause number 1633373 because a sentence for a child pornography conviction cannot be stacked with appellant's other sentences, but the State asks that the cumulation order in cause number 1633374 be affirmed.

Because the trial court erroneously sandwiched appellant's sentence for the child pornography conviction between other offenses that could have been legally stacked together, we must modify several judgments to correct the error.

Moreover, we will address unassigned error that is not subject to procedural default regarding the stacking of appellant's sentence in cause number 1614719 because the record reflects that the offense was committed before the effective date of the statute that permitted the stacking of sentences for the offense.

## A. Background

The State filed a motion to cumulate sentences assessed in all the cause numbers, requesting that there would be "no time assessed to run concurrent." At the punishment hearing, the trial court announced, "State, your Motion to Cumulate Sentence will be signed."

The trial court's judgments in each cause include the following cumulation language:[2]

---

[2] Typographical errors appear in the original judgments.

| Cause No.<br>Name of Offense<br>Date of Offense | Cumulation Order Text |
|---|---|
| No. 1614719<br>Aggravated Sexual Assault of Child Under 14<br>Committed: 7/1/1997 | [none] |
| No. 1633371<br>Aggravated Sexual Assault of Child Under 14<br>Committed: 6/11/2017 | The Court orders the sentence in this judgment to run consecutively and to begin only when the judgment and sentence in the following case ceases to operate: cause number 1614719, a judgment dated 12/19/19 ordering a sentence of 70 years for TDC for the offense of agg sex asslt child-under 14, in the 182 Court. |
| No. 1633372<br>Aggravated Sexual Assault of Child Under 14<br>Committed: 6/11/2017 | The Court orders the sentence in this judgment to run consecutively and to begin only when the judgment and sentence in the following case ceases to operate: cause number 1633371, a judgment dated 12/20/19 ordering a sentence of 70 years TDC for the offense of agg sex asslt child-under 14, in the 182 Court.[3] |
| No. 1633373<br>Possession With Intent to Promote Child Pornography<br>Committed: 6/11/2017 | The Court orders the sentence in this judgment to run consecutively and to begin only when the judgment and sentence in the following case ceases to operate: cause number 1633372, a judgment dated 12/19/19 ordering a sentence of 70 years TDC for the offense of agg sex asslt child-under 14, in the 182nd Court. |
| No. 1633374<br>Sexual Performance by a Child<br>Committed: 6/11/2017 | The Court orders the sentence in this judgment to run consecutively and to begin only when the judgment and sentence in the following case ceases to operate: cause number 1633373, a judgment dated 12/19/19 ordering a sentence of 70 years TDC for the offense of poss w/i to promte child pornograph, in the 182nd Court. |

---

[3] The judgment in cause number 1633371 is dated December 19, 2019. Thus, the cumulation order erroneously states that the date of the judgment in cause number 1633371 is December 20, 2019. Accordingly, we will modify the judgment in cause number 1633372 to reflect the correct date. *See, e.g.*, *Carmona v. State*, 610 S.W.3d 611, 618 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## B.      Legal Principles for Stacking Sentences

Generally, when a defendant is found guilty of multiple offenses arising out of the same criminal episode prosecuted during a single criminal action, the trial court must order the sentences to run concurrently. *See* Tex. Penal Code § 3.03(a); *Miles v. State*, 506 S.W.3d 485, 486 (Tex. Crim. App. 2016). Section 3.03(b) identifies exceptions to the general rule and authorizes a trial court to stack sentences for specified offenses listed in several subdivisions. *See* Tex. Penal Code § 3.03(b); *Miles*, 506 S.W.3d at 486. The versions of the statute that were applicable to appellant's offenses did not allow stacking of sentences for offenses that were listed in different subdivisions. *See Miles*, 506 S.W.3d at 486–88.[4] The offenses of aggravated sexual assault of a child and sexual performance by a child are listed in one subdivision, and therefore, may be stacked together. *See* Tex. Penal Code § 3.03(b)(2) (listing Sections 22.021 and 43.25 of the Texas Penal Code as offenses that may be stacked when committed against a victim younger than seventeen years of age; respectively, aggravated sexual assault of a child and sexual performance by a child). But promotion of child pornography is listed in a different subdivision. *See id.* § 3.03(b)(3)

## C.      No Stacking of Child Pornography with Appellant's Other Offenses

The State concedes that appellant's sentence for promotion of child pornography cannot be stacked with his sentences for aggravated sexual assault of a child and sexual performance by a child. *Cf. Miles*, 506 S.W.3d at 486–88 (trial court erred to stack sentences for sexual assault of a child and compelling

---

[4] The Legislature amended the cumulation statute, effective September 1, 2021, to provide that sentences may be stacked for "any combination of offenses listed in Subdivisions (1)-(6)." Act of May 19, 2021, 87th Leg., R.S., ch. 249, H.B. 1403 (to be codified as an amendment to Tex. Penal Code § 3.03). The amendment does not apply to offenses committed before September 1, 2021. *See id.*

prostitution because the offenses were listed in different subdivisions). Although an erroneous cumulation order does not make the sentence void as appellant suggests, *see Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017), we agree with the parties that appellant's sentence for child pornography may not be ordered to run consecutively with sentences for aggravated sexual assault and sexual performance by a child. *See Miles*, 506 S.W.3d at 486–88. Accordingly, we will modify the judgment in cause number 1633373 to delete the cumulation order.

However, the parties do not agree what should be done with the judgment in cause number 1633374 regarding sexual performance by a child. Appellant wants the cumulation order deleted while the State contends it should be affirmed.

The cumulation order in cause number 1633374 is erroneous because it orders that appellant serve his sentence for sexual performance of a child consecutively after his sentence for the promotion of child pornography. However, the sentence in cause number 1633374 could have been ordered to be served consecutively after appellant's sentence in cause number 1633372 for aggravated sexual assault of a child. *See* Tex. Penal Code § 3.03(b)(2). Because the court intended to stack all of appellant's sentences together consistent with the State's motion, the proper remedy should not be to delete the cumulation order in cause number 1633374, but to order that appellant's sentence in cause number 1633374 be served consecutively after the sentence in cause number 1633372. We modify the judgments to reflect the trial court's intent to cumulate appellant's sentences that may be validly cumulated.

Appellant's fourth issue is sustained in part.

**D.     No Stacking for Appellant's 1997 Offense**

This court may review unassigned error that is not subject to procedural default. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006). An erroneous cumulation order is not subject to procedural default. *Ex parte Carter*, 521 S.W.3d at 348. Reviewing the cumulation orders, we conclude that the trial court erred by ordering appellant's sentence in cause number 1633371 to run consecutive to his sentence in cause number 1614719 because the offense in cause number 1614719 was committed before stacking was allowed for sex offenses against children that are prosecuted in a single criminal action.

The cumulation statute was amended in 1997 to allow stacking for sex offenses against children. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 1997 Tex. Gen. Laws 2250, 2251–52 (codified at Tex. Penal Code § 3.03(b)(2)). The amendment became effective on September 1, 1997, and only applies to offenses committed after that date. *See id.* § 7; *see also Owens v. State*, 96 S.W.3d 668, 671 (Tex. App.—Austin 2003, no pet.) (noting that the statutory exceptions for sex offenses against children "were specifically made non-retroactive"). A trial court has discretion to stack sentences under Section 3.03(b)(2) if there is "some evidence" that the offenses occurred after September 1, 1997. *Bonilla v. State*, 452 S.W.3d 811, 817 (Tex. Crim. App. 2014).

The judgment in cause number 1614719 indicates that appellant's offense of aggravated sexual assault of a child under the age of fourteen was committed on July 1, 1997. In appellant's plea paperwork, he admitted that the acts alleged in the indictment were committed on July 1, 1997. The complainant testified that she was born on August 4, 1983. Thus, she turned fourteen years of age on August 4, 1997. There is no evidence in the record—nor could there be, as a matter of law—

that appellant committed the charged offense after September 1, 1997.[5] Accordingly, his sentence could not be cumulated if it arose out of the same criminal episode and was prosecuted in a single criminal action with his other offenses. *See* Tex. Penal Code § 3.03(a).

A "single criminal action" refers to a single trial or plea proceeding. *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (per curiam). A defendant is prosecuted in a single criminal action when, as here, allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Id.*

A "criminal episode" means two or more offenses, regardless of whether harm is inflicted upon more than one person, when "the offenses are the repeated commission of the same or similar offenses." Tex. Penal Code § 3.01(b). There is no temporal requirement. *See In re M.T.R.*, 606 S.W.3d 288, 292 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated." (quoting *Ex parte J.A.B.*, 592 S.W.3d 165, 169 (Tex. App.—San Antonio 2019, no pet.))); *Waddell v. State*, 456 S.W.3d 366, 370 (Tex. App.—Corpus Christi 2015, no pet.) (reasoning that "no particular time frame was required" for offenses to be part of the same criminal episode when the offenses are the same or similar offenses); *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (cumulation not authorized for aggravated sexual assault, sexual assault, and burglary of a habitation with intent to commit sexual assault offenses occurring

---

[5] If it were possible that appellant could have committed this offense after September 1, 1997, he may have needed to lodge an objection to preserve error. *See Bonilla*, 452 S.W.3d at 817–18. But ordinarily, the rights conferred by the cumulation statute, and thus an "improper-cumulation claim," is a *Marin* waiver-only right—a right that must be implemented unless affirmatively waived." *Ex parte Carter*, 521 S.W.3d at 347 (citing *Ex parte McJunkins*, 954 S.W.2d 39 (Tex. Crim. App. 1997)).

13

over the course of about a year; noting that the statute "does not impose a time differential between the commission of same or similar offenses"); *see also Diaz v. State*, 125 S.W.3d 739, 742 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (indecency with a child and sexual assaults against multiple children over the course of a year were part of a criminal episode because the offenses were the same or similar); *Hernandez v. State*, 938 S.W.2d 503, 508–09 (Tex. App.—Waco 1997, pet. ref'd) (two offenses for delivery of different controlled substances five months apart were part of a criminal episode because the offenses were the same or similar).

Appellant's conviction for aggravated sexual assault of a child in cause number 1614719 was the same or similar offense for his convictions in cause numbers 1633371, 1633372, and 1633374—respectively, two convictions for aggravated sexual assault of a child and one conviction for sexual performance by a child. Accordingly, appellant could not be ordered to serve his sentence in cause number 1614719 consecutively with his sentences in the other cause numbers. *See Baker*, 107 S.W.3d at 673; *see also Yates v. State*, No. 14-02-00410-CR, 2003 WL 1987843, at *9 (Tex. App.—Houston [14th Dist.] May 1, 2003, pet. ref'd) (mem. op., not designated for publication) ("Here, appellant was found guilty of committing the same offense—sexual assault—against two different complainants. His sentences, therefore, should run concurrently.").

### E.      Summary

In sum, appellant's sentences in cause numbers 1614719 and 1633373 may not be stacked with his other sentences, and we will modify the trial court's judgments to reflect that appellant's sentences only in cause numbers 1633371, 1633372, and 1633374 are served consecutively.

## V. Conclusion

We overrule appellant's first three issues, sustain his fourth issue in part, and modify several clerical and substantive errors in judgments as follows:

- The cumulation order in the judgment for cause number 1633371 is deleted. The part of the judgment stating the sentence shall run "consecutively with 1614719" is deleted and replaced with "concurrently".

- In the cumulation order in the judgment for cause number 1633372, the date "12/20/19" is deleted and replaced with "12/19/19".

- The cumulation order in the judgment for cause number 1633373 is deleted. The part of the judgment stating the sentence shall run "consecutively with 1633372" is deleted and replaced with "concurrently".

- In the cumulation order in the judgment for cause number 1633374, the phrase "1633373, a judgment dated 12/19/19 ordering a sentence of 70 years TDC for the offense of poss w/i to promte child pornograph" is deleted and replaced with "1633372, a judgment dated 12/19/19 ordering a sentence of 70 years TDC for the offense of aggravated sexual assault of a child under fourteen".

- The part of the judgment in cause number 1633374 identifying the degree of the offense as "2ND DEGREE FELONY" is deleted and replaced with "1ST DEGREE FELONY".

We affirm the judgment in cause number 1614719 and affirm the judgments as modified in cause numbers 1633371, 1633372, 1633373, and 1633374.


/s/     Ken Wise
             Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer.

Publish — Tex. R. App. P. 47.2(b)