**Reversed and Rendered and Majority and Dissenting Opinions filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00426-CV

---

**THE STATE OF TEXAS, Appellant**

**V.**

**D.D.M., Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1663415**

---

## MAJORITY OPINION

The State of Texas appeals an order expunging certain records relating to an alleged 2018 drug offense for which D.D.M. was arrested but acquitted. Generally, a person is entitled to have arrest records expunged if the person is acquitted of the offense for which the person was arrested. Tex. Code Crim. Proc. art. 55.01(a)(1)(A). An exception exists if the offense for which the person was acquitted arose out of a criminal episode, and the person was convicted of or remains

subject to prosecution for at least one other offense occurring during the criminal episode. *Id*. art. 55.01(c). The State asserts that the exception applies here because the 2018 offense for which D.D.M. was acquitted is the same as, or similar to, two prior offenses of which D.D.M. was convicted, and the 2018 offense arose out of a criminal episode.

Because we agree that D.D.M. does not meet the statutory criteria entitling him to expunction of the 2018 arrest, we reverse the trial court's order and render judgment denying his petition for expunction.

## Background

In 2001, D.D.M. was arrested for the state jail felony offense of delivery of cocaine, less than one gram (the "2001 Arrest"). The date of the offense was March 22, 2001. In cause number 872413 in the 208th District Court of Harris County, D.D.M. pleaded guilty to this offense and was convicted. The court sentenced him to nine months in the Texas Department of Criminal Justice, State Jail Division ("TDCJ-SJD").

In 2016, D.D.M. was arrested for the state jail felony offense of delivery of cocaine, less than one gram (the "2016 Arrest"). This offense occurred in October 2016. In cause number 1526049 in the 263rd District Court of Harris County, D.D.M. pleaded guilty to this offense and was convicted. The court sentenced him to 180 days in TDCJ-SJD.

In December 2018, D.D.M. was arrested and charged with the state jail felony offense at issue in the present matter, namely manufacture or delivery of a controlled substance, penalty group 1, less than one gram (the "2018 Arrest").[1] The charge

---

[1] In his trial court request for expunction, D.D.M. identified the 2018 offense as "MAN/DEL CS PG 1 <1GRAM." According to the State, this abbreviation represents the offense of manufacture or delivery of a controlled substance, penalty group 1, less than one gram. Because

arising from the 2018 Arrest was docketed in cause number 1614822 in the 209th District Court of Harris County. The parties agree a jury acquitted D.D.M. He then filed a petition to expunge the records relating to the 2018 Arrest in the 209th District Court. The trial court granted the request based on the acquittal and signed an order expunging D.D.M.'s 2018 Arrest records.

The State filed a motion for new trial, arguing that D.D.M. is not entitled to expunction of the 2018 Arrest records because he had two previous convictions for the same offenses stemming from the 2001 Arrest and the 2016 Arrest. The State argued that the 2001 and 2016 convictions comprised a criminal episode and that the 2018 Arrest arose out of that criminal episode. The State attached to the motion for new trial certified copies of the judgments of conviction relating to the 2001 Arrest and the 2016 Arrest. The State requested the court to grant a new trial and to deny the petition for expunction. Without a hearing, the trial court denied the State's motion for new trial, stating that "there is no evidence that the defendant's prior case[s] were out of the same transaction nor of a common scheme or plan." The State timely noticed its appeal.

## Expunction Statute

Although the expunction statute appears in Code of Criminal Procedure chapter 55, an expunction proceeding is a civil remedy. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2002); *R.G. v. Harris Cty. Dist. Attorney's Office*, 611 S.W.3d 69, 71 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). "Because the remedy is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably

---

D.D.M. did not file a brief and has not contested the State's assertion, we accept this fact as true. *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated [in appellant's brief] unless another party contradicts them.").

expanded by the courts." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021); *see also R.G.*, 611 S.W.3d at 71.  The petitioner bears the burden of proving all statutory requirements.  *See State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *R.G.*, 611 S.W.3d at 71; *In re M.T.R.*, 606 S.W.3d 288, 291 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

In relevant part, the expunction statute provides:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . the person is tried for the offense for which the person was arrested and is . . . acquitted by the trial court, except as provided by Subsection (c).

Tex. Code Crim. Proc. art. 55.01(a)(1)(A).  Subsection (c) provides:

> A court may not order expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c).  "Criminal Episode," as defined by Penal Code section 3.01, means:

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code § 3.01.

4

## Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *R.P.G.P.*, 623 S.W.3d at 317; *T.S.N.*, 547 S.W.3d at 620; *R.G.*, 611 S.W.3d at 72. A trial court has no discretion, however, in determining what the law is or applying the law to the facts, and thus we review a trial court's legal conclusions under a de novo standard. *T.S.N.*, 547 S.W.3d at 620; *R.G.*, 611 S.W.3d at 72. Likewise, construction of a statute is a question of law that we review de novo. *R.G.*, 611 S.W.3d at 72 (citing *T.S.N.*, 547 S.W.3d at 620); *see also R.P.G.P.*, 623 S.W.3d at 317. We analyze statutes "as a cohesive, contextual whole" with the goal of effectuating the legislature's intent and employing the presumption that the legislature intended a just and reasonable result. *R.P.G.P.*, 623 S.W.3d at 317; *T.S.N.*, 547 S.W.3d at 620; *R.G.*, 611 S.W.3d at 72.

## Analysis

In a single issue, the State contends that D.D.M. is not entitled to expunction of the 2018 Arrest records because the offense of which he was acquitted arose out of the same criminal episode as the earlier offenses of which he was convicted. The State argues that the offenses underlying D.D.M.'s 2001 Arrest, 2016 Arrest, and 2018 Arrest all constitute part of the same criminal episode under Penal Code subsection 3.01(2) because they "are the repeated commission of the same or similar offenses." Thus, the State continues, pursuant to article 55.01(c)'s exception, the trial court could not expunge D.D.M.'s records relating to the 2018 Arrest.[2]

---

[2] The State of Texas is an appropriate appellant, and we have jurisdiction. *See T.S.N.*, 547 S.W.3d at 618-19. D.D.M. named the State as the respondent; the State was the prosecuting authority for the offense of which D.D.M. was acquitted that is the subject of his expunction petition; the State is statutorily required to receive notice of the expunction request under the applicable provision, Tex. Code Crim. Proc. art. 55.02, § 1; the trial court found that the State received notice; and the State timely filed a notice of appeal.

The order of expunction states that the expunction request is granted, but it does not reference article 55.01(c). In the order denying the State's motion for new trial, the trial court stated, "there is no evidence that the defendant's prior case[s] were out of the same transaction nor of a common scheme or plan." We interpret the court's statement as referring to Penal Code section 3.01(1). *See* Tex. Penal Code § 3.01(1). But section 3.01 additionally provides that a criminal episode means the commission of two or more offenses when "the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01(2); *accord Duncan v. State*, No. 18-12-00328-CR, 2013 WL 5716179, at *2 (Tex. App.—El Paso Oct. 18, 2013, no pet.) (not designated for publication) ("To be characterized as a single criminal episode, multiple offenses occurring on different dates, in different places, and against several complainants must either: (1) be the same or similar; (2) share a common scheme or plan; or (3) have been repeated in a similar fashion.").

According to our dissenting colleague, the judgments of conviction based on D.D.M.'s 2001 and 2016 Arrests were not before the trial court, and thus are not before this court, because they were merely attached to the State's motion for new trial and were neither offered nor admitted into evidence. We disagree. Generally speaking, in the civil context, a trial court has the discretion to consider evidence appended to a motion for new trial if the court affirmatively indicates in the record that it accepted or considered the evidence. *See, e.g.*, *Castro v. Walker County*, No. 07-20-00224-CV, 2020 WL 8916061, at *2 (Tex. App.—Amarillo Mar. 18, 2020, pet. denied) (mem. op.); *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 729 (Tex. App.—San Antonio 2014, pet. denied); *Circle X Land & Cattle Co. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Stephens v. Dolcefino*, 126 S.W.3d 120, 133 (Tex. App.—

Houston [1st Dist.] 2003, pet. denied). Here, the trial court's order denying the motion for new trial clearly refers to the two judgments, which the State placed before the court with its motion for new trial. D.D.M. did not object to the evidence. The court ruled that the motion for new trial should be denied because the "defendant's prior case[s]" were not "out of the same transaction nor of a common plan or scheme." This statement sets forth the clear basis for the court's substantive ruling that the order granting expunction should not be disturbed. The trial court could not have arrived at its articulated conclusion had it not considered the certified copies of the judgments attached to the State's motion for new trial. We conclude this is an affirmative indication that the trial court considered D.D.M.'s prior judgments of conviction based on his 2001 and 2016 Arrests. Accordingly, we consider them as well.

Under subsection 3.01(2), there is no requirement that the commission of two or more offenses comprising a criminal episode have a factual nexus or relationship to each other. Nor has the legislature mandated in subsection 3.01(2) that "repeated" commission of the same or similar offenses involve the same victim, be close in temporal or geographic proximity, or be committed in the same or similar fashion. *See Matter of T.D.N.*, 620 S.W.3d 433, 439 (Tex. App.—El Paso 2020, pet. denied); *M.T.R.*, 606 S.W.3d at 292; *Ex parte R.A.L.*, No. 04-19-00479-CV, 2020 WL 557542, at *2 (Tex. App.—San Antonio Feb. 5, 2020, pet. denied) (mem. op.); *Ex parte J.A.B.*, 592 S.W.3d 165, 169 (Tex. App.—San Antonio 2019, no pet.); *Matter of J.B.*, 564 S.W.3d 436, 441 (Tex. App.—El Paso 2016, no pet.); *see also Waddell v. State*, 456 S.W.3d 366, 369 (Tex. App.—Corpus Christi 2015, no pet.) (explaining that section 3.01 "does not require that all the offenses arising out of the same criminal episode occur within any particular time frame"); *Casey v. State*, 349 S.W.3d 825, 831 (Tex. App.—El Paso 2011, pet. ref'd) (same); *Guidry v. State*, 909

S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd) ("Section 3.01(2) does not impose a time differential between the commission of the same or similar offenses. Had the Legislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so."). Subsection 3.01(2) requires only that the offenses are the repeated commission of the same or similar offenses. *See T.D.N.*, 620 S.W.3d at 439; *M.T.R.*, 606 S.W.3d at 293; *J.A.B.*, 592 S.W.3d at 169.

Analyzing the expunction statute as a "cohesive, contextual whole with the goal of effectuating the Legislature's intent,"[3] and in fact based on its plain text, article 55.01(c) prohibits courts from expunging records, including records of an acquitted person, if the offense for which the person was acquitted arose out of a criminal episode, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode. *See* Tex. Code Crim. Proc. art. 55.01(c); Tex. Penal Code § 3.01(2); *M.T.R.*, 606 S.W.3d at 293.

Based on the record before us, the 2018 offense for which D.D.M. was acquitted arose out of a criminal episode, as that term is defined in subsection 3.01(2). The "same or similar" offenses are involved when they are based on a violation of the same Penal Code provision. *See, e.g.*, *R.A.L.*, 2020 WL 557542, at *2 (petitioner was not entitled to expunction of 2017 DWI offense records when he was previously convicted in 2013 for the same offense). D.D.M. was twice convicted of the state jail felony offense of delivery of less than one gram of cocaine in 2001 and 2016. *See* Tex. Health & Safety Code § 481.112(a), (b) (manufacture, delivery, or possession of substance in penalty group 1 is state jail felony if amount of controlled substance is less than one gram); *id.* § 481.102(3)(D) (cocaine is

---

[3] *T.S.N.*, 547 S.W.3d at 620 (internal quotation omitted).

included in penalty group 1). The 2001 and 2016 offenses of which D.D.M. was convicted themselves comprise a criminal episode because, being based on violations of the same Penal Code provision, they are the "same [as] or similar" to each other.[4] Tex. Penal Code § 3.01(2); *cf. Green v. State*, 242 S.W.3d 215, 219-20 (Tex. App.—Beaumont 2007, no pet.) (holding that possession of controlled substances offenses, even though substances possessed were found in two different penalty groups, arose out of same criminal episode under Penal Code subsection 3.01(2)). Additionally, the 2018 offense for which D.D.M. was acquitted is likewise based on a Penal Code provision that is the same as or similar to the provision underlying the 2001 and 2016 convictions: the state jail felony offense of manufacture or delivery of a substance in penalty group 1. *See* Tex. Health & Safety Code § 481.112(a), (b). Thus, the 2018 Arrest was based on an offense that is the "same [as] or similar" to the 2001 and 2016 convictions. We conclude therefore that D.D.M.'s 2018 offense for which he was acquitted arose out of the same criminal episode as the 2001 and 2016 offenses for which he was convicted. *See* Tex. Penal Code § 3.01(2); *T.D.N.*, 620 S.W.3d at 439; *M.T.R.*, 606 S.W.3d at 293; *J.A.B.*, 592 S.W.3d at 169.

Accordingly, we conclude that article 55.01(c)'s exception is established as a matter of law. D.D.M.'s 2001 and 2016 convictions comprise a criminal episode as defined by Penal Code subsection 3.01(2). The offense forming the basis of D.D.M.'s 2018 Arrest arose out of a criminal episode and was the same offense as those for which D.D.M. was twice convicted. Tex. Code Crim. Proc. art. 55.01(c).

---

[4] Thus, the present facts are distinguishable from those in *Ex parte K.T.*, 612 S.W.3d 111 (Tex. App.—Fort Worth 2020, pet. granted), and *Ex parte Ferris*, 613 S.W.3d 276 (Tex. App.—Dallas 2020, pet. granted).

Article 55.01(c) prohibits the expunction of D.D.M.'s 2018 Arrest records, and the trial court erred in ruling otherwise. We sustain the State's sole issue on appeal.

A remaining issue is the proper disposition. The dissenting justice asserts that we must remand this case and that we cannot render a judgment denying expunction relief because rendering judgment on the merits grants more relief than is available on a motion for new trial. We are aware of at least three decisions in which appellate courts have, under circumstances identical or comparable to those here, rendered judgments denying expunction relief when the record showed as a matter of law that the statutory requisites were not met. *R.A.L.*, 2020 WL 557542, at *3; *T.D.N.*, 620 S.W.3d at 443-44; *Ex parte Seymore*, No. 12-16-00072-CV, 2017 WL 1193591, at *2 (Tex. App.—Tyler Mar. 31, 2017, no pet.) (mem. op.). The courts in these cases did not discuss the rationale for rendition as opposed to remand. In another case from the First Court of Appeals, the court, also without discussion, remanded the case for new trial after holding that the petitioner was not entitled to expunction relief and the trial court erred in failing to grant the Department's motion for new trial. *Tex. Dep't of Pub. Safety v. J.A.M.*, No. 01-16-00814-CV, 2017 WL 1629444, at *3 (Tex. App.—Houston [1st Dist.] May 2, 2017, no pet.) (mem. op.). The Supreme Court of Texas denied review in *R.A.L.*; the other cases were not appealed.

Several considerations compel us to conclude that rendition is the appropriate disposition on this record. The first is the nature of the expunction statute itself, which permits expunction relief to be granted only when the statutory prerequisites are met.[5] When those conditions are not met, no other relief is available to the petitioner; the petition must be denied. The State argued in its motion for new trial

---

[5] A person is not entitled to expunction until all of the statutory conditions are met. *T.S.N.*, 547 S.W.3d at 620; *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

that the statutory conditions were not met for the reasons we have discussed, and the State requested the trial court to both (1) grant a new trial and (2) deny the expunction petition.[6] The language of the trial court's order denying the State's motion for new trial shows that the court ruled on the merits and stated a legal reason why it refused to vacate the order granting the expunction. We have concluded that the statutory conditions for expunction relief are not met as a matter of law, and thus the trial court erred. Under Texas Rule of Appellate Procedure 43.3, when reversing a trial court's judgment, we must render the judgment that the trial court should have rendered except when "a remand is necessary for further proceedings" or "the interests of justice require a remand for another trial." Tex. R. App. P. 43.3. A remand for further proceedings is not necessary because the evidence the trial court considered shows conclusively that D.D.M. is not entitled to expunction relief. There exists no need for a further evidentiary hearing. And because the evidence is conclusive, a remand is not appropriate in the interest of justice. Our disposition is consistent with the judgments in at least three other comparable cases. *R.A.L.*, 2020 WL 557542, at *3; *T.D.N.*, 620 S.W.3d at 443-44; *Ex parte Seymore*, 2017 WL 1193591, at *2.

---

[6] The State did not seek a new trial based on procedural grounds, such as a lack of notice.

11

## Conclusion

We reverse the trial court's expunction order and render judgment denying D.D.M.'s petition for expunction of the records related to his 2018 Arrest.

/s/    Kevin Jewell
         Justice

Panel consists of Justices Jewell, Spain, and Wilson.  (Spain, J., dissenting).

12