**AFFIRMED as MODIFIED and Opinion Filed July 30, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00687-CR**

**No. 05-23-00688-CR**

**HUMBERTO ESCAMILLA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-00530, F20-12072**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Nowell

A grand jury indicted appellant Humberto Escamilla for a second-degree felony of indecency with a child by sexual contact and for a first-degree felony of continuous sexual assault of a child under the age of fourteen. *See* TEX. PENAL CODE ANN. §§ 21.02(h), 21.11(a), (d). The State subsequently filed a motion to reduce the continuous sexual assault of a child charge to a charge of indecency with a child by sexual contact. Appellant pleaded guilty to the charges. After a punishment hearing before the court, the court sentenced appellant to five years' confinement in each case to run concurrently.

In a single issue, appellant challenges the trial court's jurisdiction to render judgment because the case was not transferred to its docket. The State raises several cross-issues requesting modification of the judgments. As modified, we affirm the trial court's judgments. Appellant has not challenged the sufficiency of the evidence to support the judgment; therefore, we include only those facts necessary for disposition of the appeal. TEX. R. APP. P. 47.1. Because the issues are well-settled, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## Jurisdiction

Appellant contends the trial court lacked jurisdiction over his cases because the district court that empaneled the grand jury did not enter an order of transfer. "When a defendant fails to file a plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record." *Bullock v. State*, 673 S.W.3d 758, 768 (Tex. App.—Dallas 2023, no pet.) (quoting *Keller v. State*, 604 S.W.3d 214, 231 (Tex. App.—Dallas 2020, pet. ref'd)). We have rejected this issue in over seventy-five prior opinions in which this counsel represented an appellant, and we do so once again today. *Id.* at 769 n.3 (collecting cases). Because appellant did not file a plea to the jurisdiction, his issue is waived. *Id.* at 769. We overrule appellant's sole issue.

## Judgment Modifications

We have the power to correct and reform the judgment of the court below to make the record speak the truth when we have the necessary data and information to

do so. *McDade v. State*, 613 S.W.3d 349, 358 (Tex. App.—Dallas 2020, no pet.); *see also* TEX. R. APP. P. 43.2(b). Should a judgment and sentence improperly reflect the findings of the trial court, "the proper remedy is the reformation of the judgment." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). The State raises five cross-issues requesting modifications of the judgments. We address each in turn.

### A. Texas Code of Criminal Procedure article 42.017 Special Finding

In its first cross-issue, the State asks that we delete a Texas Code of Criminal Procedure article 42.017 special finding. *See* TEX. CODE CRIM. PROC. ANN. art. 42.017 (requiring affirmative finding in judgment for certain age-based offenses under sections 21.11 or 22.011 of the penal code when defendant was not more than four years older than the intended victim and the intended victim was at least fifteen years old). The judgments include the following special finding concerning the ages of appellant and the victims:

> The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. TEX. CODE CRIM. PROC., art. 42.017.

Appellant was convicted of indecency with a child by sexual contact, which falls under article 47.017. However, the record reflects appellant was sixty-nine years old and the victims were in elementary school when appellant committed the charged offenses. Thus, appellant was not a young offender within four years of the

–3–

victims' ages requiring the special finding. *Id.* Accordingly, we sustain the State's first cross-issue and delete the article 42.017 special finding from both judgments. *See Sirls v. State*, 579 S.W.3d 651, 660 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (deleting article 47.017 finding from judgment that did not meet statutory age requirements).

### B. Affirmative Finding Regarding Age of Victims

In its second cross-issue, the State requests modification of the judgments to include the ages of the victims. Texas Code of Criminal Procedure article 42.015(b) requires:

> In the trial of a sexually violent offense, as defined in Article 62.001, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than fourteen years of age at the time of the offense.

TEX. CODE CRIM. PROC. art. 42.015(b). A "sexually violent offense" includes indecency with a child. *Id.* article 62.001(6)(A).

Appellant pleaded guilty to both indictments of indecency with a child. One indictment alleged appellant inappropriately touched C.M. on or about September 1, 2015. At the time of the punishment hearing on July 6, 2023, C.M. was seventeen. Thus, when the abuse occurred, C.M. was around nine years old.[1]

C.S. was thirteen at the time of the punishment hearing; therefore, she was also a victim younger than fourteen years of age at the time of the offense.

---

[1] The record does not reflect C.M.'s date of birth.

We conclude the judgments should be modified to reflect a finding that the victims were "younger than fourteen years of age at the time of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.015(b); *Timmons v. State*, No. 05-19-00126-CR, 2020 WL 2110708, at *6 (Tex. App.—Dallas May 4, 2020, pet. ref'd) (mem. op., not designated for publication). The State's second cross-issue is sustained.

### C. Age of Victims for Sex-Offender Registration Requirements

The judgments correctly reflect that appellant is required to register as a sex-offender; however it states, "N/A" for "age of the victim at the time of the offense." The State requests we modify the judgments to include the ages of C.M. and C.S.

As stated above, C.M. was around nine years old at the time of the offense. C.S. testified she was "maybe 8, 9" when appellant touched her. C.S. was born June 11, 2010. The indictment alleged the offense occurred on or about March 1, 2020. Accordingly, C.S. was nine years old at the time of the offense. We sustain the State's third cross-issue and modify the sex-offender registration section of the judgments to state, "The age of the victim at the time of the offense was 9 years old." *See Floressanchez v. State*, No. 05-22-01073-CR, 2023 WL 6457326, at *5 (Tex. App.—Dallas Oct. 4, 2023, no pet.) (mem. op., not designated for publication).

### D. Affirmative Finding of Family Violence

In its fourth cross-issue, the State requests modification of the judgment in trial court cause number F20-12072 (appellate cause number 05-23-00688-CR) to reflect an affirmative family violence finding.

Article 42.013 of the Code of Criminal Procedure provides that if a trial court determines an offense under Title 5 of the penal code involved family violence, as defined by section 71.004 of the family code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. TEX CODE CRIM. PROC. ANN. art. 42.013; *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). Section 71.004(1) of the family code provides, in part, that "[f]amily violence" means "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault[.]" *Id.* § 71.004(1). "Family" includes "individuals related by consanguinity or affinity, as determined by Sections 573.022 and 573.024." *Id.* § 71.003. "Household" means "a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." *Id.* § 71.005.

If the State charges an accused with a crime within the scope of section 71.004 and the evidence supports a verdict that the crime was committed, the statute requires the trial court to enter the finding. *Id.* The court has no discretion in the matter. *Floressanchez*, 2023 WL 6457326, at *5.

The State argues the trial court had the necessary evidence before it to enter an affirmative finding of family violence in trial court cause number F20-12072 (appellate cause number: 05-23-00688-CR). We agree.

Appellant was convicted of indecency with a child, which is an offense under Title 5 of the penal code. C.M. testified appellant was her "grandpa," and the abuse occurred while she lived with him. The record further indicates C.M.'s mother was appellant's daughter, therefore, confirming appellant was C.M.'s grandfather. Grandchildren are family for purposes of section 71.003, as the government code provides that two individuals are related to each other by consanguinity if one is a descendant of the other. TEX. GOV'T CODE ANN. § 573.022(a)(1).

We conclude the trial court was statutorily obligated to include an affirmative family violence finding in the judgment because appellant committed an act of family violence against a member of his family. Moreover, because C.M. testified appellant abused her while she lived with him, he also committed an act of family violence against a member of the household. Accordingly, we modify the judgment in trial court cause number F20-12072 (appellate cause number 05-23-00688-CR) to include an affirmative finding of family violence. We sustain the State's fourth cross-issue.

### E. Assessment of Costs

In its final cross-issue, the State requests modification of the assessment of costs in cause number F21-00530 (appellate cause number 05-23-00687-CR). Texas Code of Criminal Procedure article 102.073 provides that when a defendant is convicted of two or more offenses or of multiple counts of the same offense in a single criminal action, and the convictions are the same category of offense and the

–7–

costs are all the same, the court costs should be based on the lowest cause number. TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b); *see Johnson v. State*, No. 05-19-00641-CR, 2020 WL 4745552, at *6 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication).

Here, appellant was convicted of two separate second-degree indecency with a child by contact offenses in a single criminal transaction. However, the trial court assessed $290.00 in costs against appellant in both judgments rather than in F20-12072, the lower of the two cause numbers. Accordingly, we sustain the State's fifth cross-issue and modify the judgment in trial court cause number F21-00530 (appellate cause number 05-23-00687) to remove the duplicative court costs. *Johnson*, 2020 WL 4745552, at *6.

## Conclusion

Having overruled appellant's sole issue and sustained the State's cross-issues, as modified, we affirm the trial court's judgments.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230687F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

HUMBERTO ESCAMILLA,
Appellant

No. 05-23-00687-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F21-00530.
Opinion delivered by Justice Nowell. Justices Molberg and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** $290.00 in Court Costs.

We **REMOVE** "N/A" and **REPLACE** with "9 years old" for "The age of the victim at the time of the offense."

We **ADD** the "Following special findings or orders apply": "The Court FINDS the victim was younger than 14 years of age at the time of the offense. TEX. CODE CRIM. PROC. art. 42.015(b)."

We **DELETE** the "Following special findings or orders apply": "The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. TEX. CODE CRIM. PROC. art. 42.017."

–9–

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 30, 2024



## JUDGMENT

HUMBERTO ESCAMILLA,
Appellant

No. 05-23-00688-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-12072.
Opinion delivered by Justice Nowell.
Justices Molberg and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "N/A" and **REPLACE** with "9 years old" for "The age of the victim at the time of the offense."

We **ADD** the "Following special findings or orders apply": "The Court FINDS the victim was younger than 14 years of age at the time of the offense. TEX. CODE CRIM. PROC. art. 42.015(b)."

We **ADD** the "Following special findings or orders apply": "The Court enters an affirmative finding that Defendant's offense involved family violence, as defined by section 71.004 of the Texas Family Code."

We **DELETE** the "Following special findings or orders": "The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. TEX. CODE CRIM. PROC. art. 42.017."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 30, 2024